CLARENCE LYNN COY, *a Minor, etc.*, v. THE MISSOURI PACIFIC RAILWAY COMPANY.

**No. 13,612.**   (76 Pac. 844.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Review of Demurrer to Evidence.* A demurrer to the evidence raises the question of the legal sufficiency of the evidence to prove the issue of fact in support of which it is offered, and an order sustaining it constitutes a decision by the court occurring at the trial, which cannot be reviewed by this court in the absence of a motion for a new trial.

Error from Allen district court; L. STILLWELL, judge.   Opinion filed May 7, 1904.   Affirmed.

*E. W. Myler*, for plaintiff in error; *Ewing, Gard & Gard*, of counsel.

*J. H. Richards*, and *C. E. Benton*, for defendant in error; *Campbell & Goshorn*, of counsel.

21—69 KAN.

The opinion of the court was delivered by

ATKINSON, J. : Clarence Lynn Coy, a minor twelve years of age, by his father and next friend filed his petition in the district court of Allen county against the Missouri Pacific Railway Company to recover damages for personal injuries. The court sustained a demurrer to his evidence, and he brings error. The facts, as disclosed by the evidence, are substantially as follows : One of the tracks of defendant on Benton street in the city of Iola was known as the "team track," upon which cars were set out to be loaded and unloaded. On February 22, 1902, there was left standing thereon, between two north and south streets, a freight-car to be unloaded. Plaintiff, in crossing over Benton street at a point nearly midway between the north and south streets, for some distance walked westward upon the team track toward the standing car. There were with him two companions. They stopped and engaged in conversation close to the east end of the car. While plaintiff was standing there upon the track, a string of cars was pushed down from the west against the standing car, and the impact caused it to move eastward and against plaintiff, throwing him to the ground, from which he sustained the injuries complained of. Persons frequently crossed diagonally over Benton street and across the tracks of defendant between the north and south streets. The testimony of plaintiff disclosed that he had seen and knew there was a train of cars in the switch-yards; that by looking to the west he could have seen the approaching cars; that while standing at the east end of the car he could not look westward, and for that reason he did not see the cars approaching. A warn-

ing cry was given just before the cars came together, and plaintiff's companions escaped·from danger.

When plaintiff rested his case defendant interposed a demurrer to the evidence, which the court sustained and rendered judgment for defendant for costs.  Plaintiff at the time excepted to the ruling of the court in sustaining the demurrer, and was given sixty days to make and serve a case for this court, but no motion for a new trial was filed.  A case-made was served, settled, signed and filed in this court, and it is now asked to review the ruling of the trial court in sustaining the demurrer.  This it cannot do where no motion for a new trial has been filed.  (*Gruble v. Ryus*, 23 Kan. 195; *Pratt v. Kelley*, 24 id. 111; and *Norris v. Evans*, 39 id. 668, 18 Pac. 818.)  A demurrer to the evidence raises the question of the legal sufficiency of the evidence to prove the issue of fact in support of which it is offered, and an order sustaining it is a decision by the court occurring at the trial, within the meaning of section 306 of the civil code (Gen. Stat. 1901, § 4754).  A ruling of the trial court sustaining a demurrer to the evidence cannot be reviewed by this court in the absence of a motion for a new trial.

The judgment of the court below is affirmed.

All the Justices concurring.