## STUMP v. PORTER et al.

No. 1301.   Opinion Filed January 9, 1912.

(120 Pac. 639.)

1.  **APPEAL AND ERROR**—Review—Demurrer to Evidence.   The ruling on a demurrer to the evidence is a decision occurring on the trial; and, in order to enable the Supreme Court to review such ruling, it is necessary that a motion for new trial be filed within the time prescribed by law.

2.  **ATTACHMENT**—Wrongful Attachment — Liability of Plaintiff. The plaintiff in an action wherein a writ of attachment is issued which is wrongfully levied upon the goods of another is equally liable with the officer who levies the same if he actively participated, directed the levy to be made, ratified, or knowingly received the benefits thereof, and is a proper party defendant in an action to recover for damages inflicted.

(Syllabus by the Court.)

*Error from Lincoln County Court;*
*Fred A. Wagoner, Judge.*

Action of Otis Porter and Charles Porter against Herman Stump.   Order overruling a demurrer to the bill of particulars. Defendant brings error.   Affirmed.

*Ira E. Billingslea,* for plaintiff in error.

*Burdick & Grubbs,* for defendants in error.

DUNN, J.   This case presents error from the county court of Lincoln county, and is here upon a case-made as well as a transcript of the record.   The trial was had before a jury, and, at the conclusion of plaintiff's evidence, defendant demurred thereto, which was by the court overruled, to which the defendant excepted and seeks in this court to present errors of law occurring on the trial of the cause.   They are not available to him, however, for the reason that he failed to file, have considered, and passed upon, any motion for a new trial, and the well-established rule is that "the ruling on a demurrer to the evidence is a decision occurring on the trial; and, in order to enable ·the Supreme

Court to review such ruling, it is necessary that a motion for a new trial be made and filed within the time prescribed by law." *Gruble v. Ryus et al.*, 23 Kan. 195; *Coy v. Mo. Pac. Ry. Co.*, 69 Kan. 321, 76 Pac. 844. There is nothing, therefore, before this court which it can consider except those errors which appear upon the face of the record proper.

A general demurrer was filed to the bill of particulars, which was by the court overruled, and the order made thereon is assigned in this court as one of the errors. The argument presented is not that the bill of particulars fails to state facts which would constitute a good cause of action against a proper defendant, but that no cause of action could be stated in this kind of a case against a plaintiff in an attachment suit. The contention is that the officer alone can be sued; that there was no right of action against the plaintiff in the attachment suit for the reason that he had acquired no right in the property attached, and was not a necessary party to the determination of plaintiff's rights herein. This contention is untenable, for the reason that, although an officer attaching personalty not the property of the defendant is a trespasser on the rights of the owner and may be held liable therefor, the plaintiff is likewise liable and may be sued and compelled to respond in damages where he either actively participated, directed the levy to be made, ratified or knowingly received the benefits thereof after the same was made— this on the theory that he was a joint tort-feasor with the officer. Drake on Attachment (7th Ed.) sec. 196; 3 Am. & Eng. Encyc. of Law, 246; *Corner et al. v. Mackintosh*, 48 Md. 374; *Wehle v. Butler et al.*, 61 N. Y. 245.

As this is the only point made under the demurrer in this court and the sufficiency of the allegations are otherwise unchallenged, the order of the trial court made thereon and the judgment rendered are affirmed.

All the Justices concur.