## ARDMORE OIL & MILLING CO. v. DOGGETT GRAIN CO.

No. 1589.      Opinion Filed March 12, 1912.

(122 Pac. 241.)

**APPEAL AND ERROR**—Review—Ruling on Demurrer—"Decision Occurring at Trial." The ruling on a demurrer to the evidence is a "decision occurring on the trial"; and, in order to enable the Supreme Court to review such ruling, it is necessary that a motion for a new trial be filed within the time prescribed by law.

(Syllabus by Sharp, C.)

*Error from Love County Court;*
*R. A. Keller, Judge.*

Action by the Doggett Grain Company against the Ardmore Oil & Mining Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Eddleman & Graham,* for plaintiff in error.

*T. C. Bennett,* for defendant in error.

Opinion by SHARP, C. This case presents error from the county court of Love county. At the close of plaintiff's testimony, counsel for defendant announced that he did not care to introduce any testimony, and thereupon demurred to the evidence offered by plaintiff, which demurrer, after due considera-

tion, was overruled and ·exceptions thereto taken. Thereupon the court rendered judgment in favor of plaintiff and against defendant, to which action of the court defendant excepted, and the case is brought here for review.

No motion for a new trial was ever filed, and therefore this court cannot consider the action of the court in overruling defendant's demurrer to the evidence. As such a demurrer raised the question of the legal sufficiency of ·the evidence to prove the issue of fact in support of which it was offered, an order sustaining it is a decision by the court occurring at the trial, within the meaning of section 5825, Comp. Laws 1909. This section is an exact counterpart of section 306, c. 80, Gen. Stat. Kan. 1868, and section 5202, Gen. Stat. Kan. 1905, and is one that has received frequent interpretation by the Supreme Court of that state, both before and subsequent to the time of its adoption in the territory of Oklahoma.

In *Gruble v. Ryus et al.*, 23 Kan. 195, it was held that a demurrer to the evidence and a ruling thereon was merely one step in the progress of the trial, and that such a ruling is a decision occurring at the trial, made during the progress of the trial.

· In *Pratt v. Kelley*, 24 Kan. 111, the trial was before the court, as here, and that fact was emphasized to show that the reasoning in *Gruble v. Ryus, supra,* was not controlling. The court held otherwise, and said:

"The court renders the same judgment on sustaining a demurrer to evidence, whether a jury has been impaneled or not. A trial proceeds in all respects, so far as applicable, in the same manner when the submission is to the court as when a jury is sworn; therefore the case of *Gruble v. Ryus, supra,* is in point."

This rule was followed in *Norris v. Evans,* 39 Kan. 668, 18 Pac. 818; *Lott v. K. C., Ft. S. & G. R. Co.,* 42 Kan. 293, 21 Pac. 1070. In *Coy v. Mo. Pac. Ry. Co.,* 69 Kan. 321, 76 Pac. 844, it was said that a demurrer to the evidence raised the question of the legal sufficiency of the evidence to prove the issue of fact in support of which it was offered, and an order sustaining it is a decision by the court occurring at the trial, within the meaning of the statute, and that a ruling of the trial court, sustaining a

demurrer to the evidence, could not be reviewed on appeal, in the absence of a motion for a new trial. Other cases following the same rule are *Buoy v. Clyde Mil. & El. Co.*, 68 Kan. 436, 75 Pac. 466; *Darling v. A., T. & S. F. Ry. Co.*, 76 Kan. 893, 93 Pac. 612, 94 Pac. 202; *Hartwell v. Loveland*, 78 Kan. 259, 97 Pac. 432; *Heinz v. Consumers' Light, Heat & Power Co.*, 81 Kan. 261, 105 Pac. 527.

The question has been squarely passed upon by this court in *Stump v. Porter et al.*, 31 Okla. 157, 120 Pac. 639. There the trial was before a jury, and at the conclusion of the plaintiffs' evidence defendant demurred thereto; the demurrer was overruled and exceptions taken. The action of the court in this regard was attempted to be brought before this court on appeal. Referring to the alleged error, the court said:

"They are not available to him, however, for the reason that he failed to file, have considered, and passed upon, any motion for a new trial, and the well-established rule is that the ruling on a demurrer to the evidence is a decision occurring on the trial; and, in order to enable the Supreme Court to review such ruling, it is necessary that a motion for a new trial be made and filed within the time prescribed by law."

We therefore conclude as did the court in *Stump v. Porter et al., supra,* that, no motion for a new trial being filed, the action of the court in overruling the demurrer to the plaintiff's testimony is not properly before us, and that the action thereon cannot be reviewed in this court. Other errors are assigned in the brief of plaintiff in error, but, not being argued, will be deemed to have been waived.

For the reasons stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.