# INSURANCE CO. OF NORTH AMERICA v. LITTLE.

### No. 1429.   Opinion Filed May 14, 1912.

#### Rehearing Denied August 20, 1912.

#### (125 Pac. 1098.)

1.  **NEW TRIAL—Questions Reviewable—Demurrer to Evidence.**   A ruling on a demurrer to the evidence being a decision occurring at the trial, and to review which, on appeal, a motion for a new trial is necessary, it follows that, although the trial court sustained a demurrer to the evidence, yet, upon a motion for new trial being filed, the court has the power to grant it.

2.  **INSURANCE — Local Agent—Authority—Acceptance of Risk—Incumbrances—Waiver.**   When a local agent of a fire insurance company, who has the power to accept a risk and deliver the policy of insurance, at and prior to the time of the delivery of the policy, is advised and has full knowledge of the fact that a portion of the property insured is incumbered by a chattel mortgage, and with that knowledge accepts the premium and delivers the policy, such policy is binding upon the company notwithstanding it contains a provision that none of the company's officers or agents can waive any of its provisions, except in writing indorsed on the policy.

(Syllabus by Brewer, C.)

*Error from Jefferson County Court;*
*G. M. Bond, Judge.*

Action by S. R. Little against the Insurance Company of North America.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*C. A. McBrian,* for defendant in error.

Opinion by BREWER, C.   This is a suit on a fire insurance policy, dated and issued on December 8, 1908, for the sum of $750.   Suit was filed thereon April 19, 1909, in the county court of Jefferson county, by S. R. Little, defendant in error, who was plaintiff below, against the Insurance Company of North America, plaintiff in error, which was defendant below.   On October 8, 1909, the suit was tried to a jury, and at the conclusion

of plaintiff's testimony the defendant demurred to the evidence, and the demurrer was sustained by the court. Plaintiff, on the 11th of October, 1909, filed a motion asking that the ruling, decision, and judgment of the court in sustaining the demurrer to the evidence be set aside, and that he be granted a new trial. This motion for a new trial was sustained by the court, and on January 5, 1910, the cause was again tried by the court, a jury having been waived by the parties, and a judgment was rendered in favor of the plaintiff for the amount stated in the policy. Motion for new trial was overruled by the court, and, exceptions being saved, the cause comes here for review.

Numerous assignments of error are set out in the petition in error, but the plaintiff in error has presented and urged in its brief but two general propositions in which it claims reversible error may be found. They are, first, that, after having sustained a demurrer to the evidence at the first trial, the court was without power to grant a new trial, and that in doing so it committed reversible error; second, that the court erred in the admission of parol evidence in contradiction of the terms of the policy, by allowing plaintiff to prove that at the time and prior to the issuance of the policy the issuing agent knew, and was informed by the insured, that one of the five billiard tables covered by the insurance had an incumbrance upon it. We will dispose of the questions in their order.

The contention of plaintiff in error as to the first question argued is clearly and forcibly stated in its brief, from which we quote:

"The trial court, when it rendered judgment in favor of the defendant after sustaining the defendant's demurrer to the plaintiff's evidence, finally disposed of the case, and its judgment became a final judgment, and as there was no verdict, report, or decision of a jury, referee, or court, upon any issue of fact, no motion for a new trial was authorized or permitted, and the only remedy open to the plaintiff was to prosecute an appeal to the Supreme Court of the state of Oklahoma, and by failing to prosecute such appeal the former judgment of the trial court became final, conclusive, and binding upon both the parties to the action. When the court entered the order which purported to grant a

new trial, it attempted to do something which it had no power to do."

This contention cannot be sustained, under the decisions of this court, and of the state of Kansas, from which our Practice Act came.    It has been several times held, both in this state and in Kansas, that a demurrer to the evidence and a ruling thereon are merely steps in the progress of the trial, and that such a ruling is a decision occurring at the trial, made during the progress of the trial, to review which a motion for a new trial must have been filed and overruled, and exceptions saved.    This is the effect of the recent decisions of this court.

In the case of *Stump v. Porter et al.,* 31 Okla. 157, 120 Pac. 639, there was a trial before a jury, and at the conclusion of the plaintiff's evidence the defendant demurred thereto.    The demurrer was overruled, and exceptions taken.    The action of the court in this regard was sought to be reviewed in this court on appeal.    In disposing of the matter the court say:

"They are not available to him, however, for the reason that he failed to file, have considered, and passed upon, any motion for a new trial; and the well-established rule is that the ruling on a demurrer to the evidence is a decision occurring on the trial, and, in order to enable the Supreme Court to review such ruling, it is necessary that a motion for a new trial be made and filed within the time prescribed by law."

It follows that a motion for a new trial was necessary and proper to be filed in the lower court, and that the court had power to act on it, either granting the same, as was done in this case, or by overruling it.    *Ardmore Oil & Milling Co. v. Doggett Grain Co.,* 32 Okla. 280, 122 Pac. 241; *Gruble v. Ryan et al.,* 23 Kan. 195; *Pratt v. Kelley,* 24 Kan. 110; *Norris v. Evans,* 39 Kan. 668, 18 Pac. 818; *Lott v. K. C., Ft. S. & G. R. Co.,* 42 Kan. 293, 21 Pac. 1070; *Coy v. Mo. Pac. Ry. Co.,* 69 Kan. 321, 76 Pac. 844.

The second contention of plaintiff in error would be sound under the decisions of the territorial Supreme Court in *London & Globe Ins. Co. v. Richardson Lumber Co.,* 11 Okla. 583, 69 Pac. 938, and *Gish v. Ins. Co. of North America,* 16 Okla. 59, 87 Pac. 869, 13 L. R. A. (N. S.) 826, which cases followed the

rule announced by the Supreme Court of the United States in *Northern Assurance Company v. Grandview Building Ass'n,* 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213, and also under the decisions of this court rendered in cases arising prior to statehood. *Sullivan v. Merc. Town Mut. Ins. Co.,* 20 Okla. 460, 94 Pac. 676, 129 Am. St. Rep. 761; *State Mut. Ins. Co. v. Craig,* 27 Okla. 90, 111 Pac. 325; *Phoenix Ins. Co. v. Ceaphus,* 29 Okla. 608, 119 Pac. 583. This court, however, in the three cases last cited, specifically limited its decision on this point to cases arising prior to statehood, and reserved its decision thereon, in cases arising since the erection of the state of Oklahoma, where the contract of insurance was entered into since statehood.

Recently this court, in the case of *Western National Ins. Co. v. Henry A. Marsh, ante,* 125 Pac. 1094, had under consideration and decided this question adversely to the contention of plaintiff in error. In that case the authorities are collected and considered at length, and it is shown that in 42 states of this Union parol evidence, such as was admitted in this case, and under the circumstances of this case, may be admitted. The syllabus in that case is as follows:

"When a local agent of a fire insurance company, who has the power to accept a risk and deliver the policy of insurance, at and prior to the time of the delivery of the policy, is advised and has full knowledge of the fact that other insurance upon the property is in force, and with that knowledge accepts the premium and delivers the policy, such policy is binding upon the company, notwithstanding the fact that it contains a provision prohibiting the existence of concurrent insurance without written consent thereto indorsed on the policy, and notwithstanding it contains a provision that none of the company's officers or agents can waive any of its provisions, except in writing indorsed on the policy."

It will be observed that in the case quoted from parol evidence was admitted to show a waiver of the "concurrent insurance" clause in the policy. In this case it was to show a waiver of the clause providing a forfeiture in case the personal property "be or become incumbered by a chattel mortgage." There is no distinction between the two cases in principle.

On the authority of the last-cited case, which is supported by the great weight of authority, we hold that under the facts and circumstances of this case the court did not err in admitting the evidence complained of.

The cause should therefore be affirmed.

By the Court: It is so ordered.