## BOARD OF COM'RS OF BEAVER COUNTY v. LANGSTON *et al.*

No. 3617.   Opinion Filed March 24, 1914.

(139 Pac. 956.)

1.   **APPEAL AND ERROR—Review—Motion for New Trial.** To have reviewed in the Supreme Court errors occurring at the trial of a case, a motion for a new trial must have been filed and acted on by the trial court, exceptions taken thereto, and the ruling thereon assigned as error in· the petition in error.

2.   **SAME.** The action of the court upon a demurrer to the evidence, or on a motion to direct a verdict, is a matter occurring at the trial.

(Syllabus by Brewer, C.)

*Error from District Court, Beaver County;*
*R. E. Dickson, Judge pro tem.*

Action by the Board of County Commissioners of Beaver County against J. H. Langston and others. Judgment for defendants, and plaintiff brings error. Dismissed.

*John A. Spohn,* for plaintiff in error.

*J. S. Harris* and *John L. Gleason,* for defendants in error.

Opinion by BREWER, C. The board of county commissioners of Beaver county sued W. H. Langston, formerly county clerk, together with the sureties on his official bond, for certain sums of money which it was alleged he had improperly retained as fees. The defendants for an answer filed a general denial. The cause was tried to a jury, and at the close of the evidence the court instructed the jury to find a verdict for the defendants. The jury returned the verdict according to the instructions of the court, and judgment was pronounced in accordance thereto.

Four assignments of error are set out in the petition' in error filed in this court, but they all go to the action of the court in directing a verdict. No motion was filed for a new trial. To have reviewed in this court alleged errors occurring at the trial, a motion for a new trial and the ruling of the court thereon are necessary. *Martin v. Gassert,* 17 Okla. 177, 87 Pac. 586; *Meyer v. James,* 29 Okla. 7, 115 Pac. 1016; *Perkins v. Perkins,* 37 Okla. 693, 132 Pac. 1097; *St. L., I. M. & S. Ry. Co. v. Dyer,* 36 Okla. 112, 128 Pac. 265, and cases cited.

That the action of the court upon a demurrer to the evidence is a matter occurring at the trial, and to complain of which it requires a motion for a new trial, is a well-settled rule of this court. *Stump v. Porter,* 31 Okla. 157, 120 Pac. 639; *Ardmore O. & M. Co. v. Doggett Grain Co.,* 32 Okla. 280, 122 Pac. 241; *Insurance Co. v. Little,* 34 Okla. 449, 125 Pac. 1098, and cases cited. It necessarily follows, we think, that the action of the court upon a motion to direct a verdict is equally a matter occurring at the trial, and would therefore require, to have such action reviewed, the filing and overruling of a motion for a new trial. As none was filed in this case, we cannot review the action of the court complained of.

The cause should be dismissed.

By the Court: It is so ordered.