### BILBY v. CATHCART *et al.*

No. 5701.    Opinion Filed September 14, 1915.

(151 Pac. 688.)

1.  **APPEAL AND ERROR—Presentation for Review—Motion for New Trial—Bill of Exceptions.** Errors occurring on the trial of a cause are not reviewable in this court, unless the same were brought to the attention of the trial court by motion for new trial, and acted upon, and such motion and the ruling thereon preserved by bill of exceptions included in a transcript, or incorporated in a case-made, filed with a petition in error in this court.

2.  **NEW TRIAL—Newly Discovered Evidence.** Record examined, and **held:** (1) A continuance of the proceeding for new trial was properly refused; (2) a new trial was correctly denied; and (3) the judgment is valid.

(Syllabus by Bleakmore, C.)

*Error from District Court, Hughes County;
John Caruthers, Judge.*

Action by Nicholas V. Bilby against Orie Cathcart and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Lewis C. Lawson,* for plaintiff in error.

*Harry H. Rogers,* for defendants in error.

Opinion by BLEAKMORE, C. On April 18, 1912, action was commenced in the district court of Hughes county by the plaintiff in error against the defendants in error, to quiet title to a certain tract of land. Upon the trial thereof the court sustained a demurrer to the

evidence of plaintiff, specifically found from such evidence that the defendant Mattie Cathcart was the owner in fee simple of the land involved, and rendered judgment accordingly. Motion for new trial was filed within the statutory period, and overruled on January 25, 1913, ·whereupon the time within which to prepare and serve a case-made was extended 40 days. No such case-made was served; but on May 15, 1913, plaintiff filed a petition for a new trial on the ground of newly discovered evidence. This petition was regularly set for hearing on June 24, 1913, at which time plaintiff presented his application for a continuance, for the reason that he had been unable to procure a transcript of the evidence theretofore taken upon the trial of said cause, which he averred was material and necessary to establish certain grounds of said petition. The continuance was refused, and hearing was had upon said petition, at which testimony was introduced. A new trial was refused, and the case is now here for review.

Plaintiff assigns as error: (1) Action of the court in sustaining the demurrer to his evidence upon the original trial; (2) refusal to grant a continuance of the hearing on the petition for a new trial; (3) overruling the motion for new trial upon the former hearing of the cause; (4) errors of law occurring at the hearing of the petition for new trial; and (5) that the evidence adduced at the trial proper was insufficient to sustain the judgment.

By assignments 1, 3, and 5 an attempt is made to present for consideration by this court certain alleged errors occurring on the trial of the cause on its merits, not properly the subject of review, unless it affirmatively

appears by the record: (1) That the same were brought to the attention of the court below by motion for new trial and acted upon by that court (*Campbell v. Lane,* 31 Okla. 757, 123 Pac. 1061; *Brown & Bridgeman v. Western Casket Co.,* 30 Okla. 144, 120 Pac. 1001; *Ardmore Oil & Milling Co. v. Doggett Grain Co.,* 32 Okla. 280, 122 Pac. 241; *Stump v. Porter,* 31 Okla. 157, 120 Pac. 639; *State v. Poor,* 33 Okla. 376, 125 Pac. 726) ; and (2) that such motion and the ruling of the court thereon are preserved by a bill of exceptions included in the transcript, or incorporated in the case-made, duly filed with the petition in error in this court (*Tribal Development Company v. White Bros.,* 28 Okla. 525, 114 Pac. 736; *McCoy v. McCoy,* 27 Okla. 371, 112 Pac. 1040; *Jacobs v. Willie,* 47 Okla. 785, 150 Pac. 709).

The motion for new trial and the ruling thereon were not preserved by bill of exceptions and made part of the record, nor were they incorporated in a case-made prepared and served within the extension of time allowed therefor by the trial court, and filed with the petition in error here. By failing to make and serve such case-made within the time allowed, and to file the same with petition of error in this court, plaintiff abandoned his appeal, and lost all right to have reviewed here any errors occurring at the trial proper, of which he might regularly have complained in a motion for new trial; and for the same reason this court is without jurisdiction to consider such errors.

In his affidavit for a continuance of the hearing upon the petition for new trial, plaintiff states:

"And that affiant believes a transcript of said testimony is essential and material to his cause of action here-

in on said petition for a new trial, in order to show the actual trial thereof and to establish many of the facts stated in said petition and to be used on the trial thereof, and the further purpose of incorporation of said testimony in the record of this case on the trial of said petition."

Just how plaintiff purposed to sustain his motion for new trial on the ground of "newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial," by a transcript of the very same evidence which he himself had adduced at that trial, is not entirely clear. That such transcript, as evidence, was incompetent for the purpose for which it was offered, is obvious, and, as we have seen, it could not properly be incorporated as a part of the proceedings for new trial, for the purpose of having the action of the court below on the original trial reviewed upon this appeal. There was also an attempt to include the same in the present case-made, but the trial court correctly ordered it stricken therefrom.

The testimony of certain witnesses was produced in the proceeding for a new trial, which it is deemed unnecessary to set forth. Suffice it to say, after careful examination thereof, that the same was wholly insufficient to warrant the granting of a new trial, and in our opinion the action of the trial court in this regard was clearly right.

Plaintiff also contends that the petition for new trial should be considered as a motion to vacate the judgment, which he asserts is void. There is no merit in this contention. It is clear from the record that the trial court had jurisdiction of the subject-matter and of the parties, and power to grant the relief awarded by the judgment.

It follows that the order and judgment should be affirmed.

By the Court: It is so ordered.