## CANADIAN RIVER R. CO. v. WICHITA FALLS & N. W. R. CO. et al.

No. 4943—Opinion Filed Feb. 13, 1917.

(163 Pac. 275.)

(Syllabus by the Court.)

1. **Appeal and Error — Preservation of Grounds for Review—Motion for New Trial—Record—Bill of Exceptions.**

"Errors occurring on the trial of a cause are not reviewable in this court, unless the same were brought to the attention of the trial court by motion for new trial, and acted upon, and such motion and the ruling thereon preserved by bill of exceptions included in a transcript, or incorporated in a case-made, filed with a petition in error in this court."

2. **Appeal and Error—Case-Made—Dismissal.**

Where the case-made, certified as a transcript, fails to contain the motion for a new trial and the errors assigned are not apparent on the face of the record, the cause will be dismissed.

Error from District Court, Woodward County; James W. Steen, Judge.

Action by the Wichita Falls & Northwestern Railway Company against the Canadian

River Railroad Company, John Garvey, and another. Judgment for defendant Garvey, and the Canadian River Railroad Company brings error. Dismissed.

Keaton, Wells & Johnston, Charles R. Alexander, and Kellogg & Rose, for plaintiff in error.

C. W. Herrod, Charles Swindall, Charles C. Huff, and D. P. Marum, for defendants in error.

PER CURIAM. On August 1, 1911, this action was commenced in the district court of Woodward county by the Wichita Falls & Northwestern Railway Company against John Garvey, Canadian River Railroad Company, and United States Mortgage & Trust Company to condemn a right of way for its railroad over the land described. Appraisers were appointed to assess the damages for said right of way, and to their report exceptions were duly filed by John Garvey. Upon a trial to a jury, judgment was rendered in favor of Garvey for $700, which money was paid into said court by the said Wichita Falls & Northwestern Railway. The court held the land sought to be condemned by the Wichita Falls & Northwestern Railway Company had formerly been condemned by the Canadian River Railroad Company, but that said railroad company had abandoned its right of way over said land, and for that reason the title thereto reverted back to said Garvey, the owner thereof. Said Canadian River Railroad Company alone appeals to this court and joins the other parties hereto as defendants in error.

Motion to dismiss this appeal is urged upon the ground, among others, that no motion for new trial was ever filed or entered of record, and that none appears in the case-made herein. While the record does in fact show that a motion for new trial was filed and overruled in the order overruling the motion for new trial, it does not contain the motion for new trial.

The appeal is brought here both upon petition in error, with case-made attached, and upon transcript of the record, properly certified to. We cannot consider any errors assigned that require an examination of the evidence. This for the reason that errors occurring at the trial of a cause must be presented to the trial court in a motion for new trial, and such motion and the ruling thereon brought into the record, either by bill of exceptions or case-made. Tribal Development Co. v. White Bros. et al., 28 Okla. 525, 114 Pac. 736; Bilby v. Cathcart et al., 51 Okla. 189, 151 Pac. 688. In the case last cited it is held:

"Errors occurring on the trial of a cause are not reviewable in this court, unless the same were brought to the attention of the trial court by motion for new trial, and acted upon, and such motion and the ruling thereon preserved by bill of exceptions included in a transcript, or incorporated in a case-made, filed with a petition in error in this court."

But we can consider the record as a transcript, as it is properly certified as such, and a motion for new trial constitutes no part of the record proper. Veverka v. Frank, 41 Okla. 142, 137 Pac. 682. But, as no errors appear upon the face of the record proper, the errors assigned cannot be considered upon a transcript, and hence the motion to dismiss is sustained.