## FEDERAL REFINING CO. et al. v. FORTUNA OIL CO.

No. 10933—Opinion Filed Dec: 9, 1919.

(Syllabus by the Court.)

**Appeal and Error—Demurrer to Evidence—Motion for New Trial—Necessity.**

Where a party interposes a demurrer to evidence which is overruled, stands upon the demurrer, and judgment is rendered against him, a motion for a new trial must be filed in order for the Supreme Court to review the evidence adduced in the trial court.

Error from District Court, Oklahoma County; Edw. Dewes Oldfield, Judge.

Action by Fortuna Oil Company against Federal Refining Co. and another. From judgment for plaintiff, defendants bring error. Dismissed.

Pierce & McClelland and Samuel A. Boorstin, for plaintiffs in error.

Embry, Johnson, & Kidd, for defendant in error.

HIGGINS, J.   The defendant in error, plaintiff below, instituted this suit against plaintiffs in error, defendants below; and when the matter came on for trial, each party waived a jury and agreed to submit the cause to the court. At the conclusion of the evidence in behalf of the defendant in error each of the plaintiffs in error interposed a demurrer, which was by the court overruled. The plaintiffs in error stood upon their demurrers and declined to introduce any evidence, whereupon the court entered judgment against them.

Neither of the plaintiffs in error filed a motion for a new trial.

The plaintiffs in error file in this court their petition in error with case-made attached, and seek to have this court review the judgment below, and ascertain from the evidence therein adduced whether or not the trial court was justified in overruling their demurrers, and in entering the judgment herein against them.

The defendant in error has filed in this court a motion to dismiss the appeal.

The question raised in this case by the motion to dismiss is whether or not this court can review the errors complained of in the absence of any motion for new trial. The case was tried without a jury, and the plaintiffs in error interposed a demurrer to the evidence, which was overruled.

Plaintiffs in error contend that the judgment of the court after overruling the demurrer to the evidence was equivalent to a decision of law upon an agreed statement of facts, and that, therefore, the judgment is reviewable without any motion for new trial having been filed. The authorities cited, however, do not bear direct support to their contention.

The first assignment of error is: "That the court erred in overruling the demurrer of plaintiffs in error to the evidence of defendant in error." The other assignments of error relate to the judgment and the evidence.

In Ardmore Oil & Milling Co. v. Doggett Grain Co., 32 Okla. 280, it was held that a ruling upon a demurrer to the evidence was a decision by the court occurring at the trial within the meaning of section 5825, Comp. Laws 1909 (sec. 5033, Rev. Laws 1910), said section being a counterpart of sec. 306, c. 80, Gen. Stat. Kansas, 1868, and sec. 5202, Gen. Stat. Kansas, 1905. It was said in the syllabus:

"The ruling on a demurrer to the evidence is a 'decision occurring on the trial;' and, in order to enable the Supreme Court to review such ruling, it is necessary that a motion for a new trial be filed within the time prescribed by law."

This rule is a well-established rule, and has been followed in a great number of cases both in this state and in Kansas. Stump v. Porter et al., 31 Okla. 157, 120 Pac. 639; Tyler v. Tyler, 44 Okla. 411, 144 Pac 1023; Insurance Co. of 'North America v. Little, 34 Okla. 499, 125 Pac. 1098; James v. Jackson, 30 Okla. 190, 120 Pac. 288; Gruble v. Ryus et al., 23 Kan. 195; Pratt v. Kelley, 24 Kan. 83; Norris v. Evans, 39 Kan. 668, 18 Pac. 818; Lott v. Kansas City, Ft. S. & G. R. Co., 42 Kan. 293, 21 Pac. 1070; Coy v. Missouri P. R. Co., 69 Kan. 321, 76 Pac. 844; Buoy v. Clyde Mill. & El. Co., 68 Kan. 436; 75 Pac. 466; Darling v. Atchison, T. & S. F. R. Co., 76 Kan. 893, 93 Pac. 612, 94 Pac. 202: Hartwell v. Loveland, 78 Kan. 259, 97 Pac.

432; Heinz v. Consumers' Light, Heat & Power Co., 81 Kan. 261, 105 Pac. 527.

Therefore, no motion for new trial having been filed in this case, the appeal herein is hereby dismissed.

All the Justices concur.