## JONES v. JOHNSON et al.

No. 8671—Opinion Filed Dec. 9, 1919.

(Syllabus by the Court.)

1. **Appeal and Error—Demurrer to Evidence—Review.**

The ruling on a demurrer to the evidence is reviewable as an error of law occurring at the trial.

2. **Appeal and Error—Motion for New Trial —Sufficiency.**

Where a movant for a new trial specifically alleges in his motion therefor the alleged error of which he complains, the same being embraced within the statutory ground of "error of law occurring at the trial and excepted to by the party making the application," but where the language of said motion does not strictly adhere to such statutory language, the motion is sufficient, and the alleged erroneous ruling is reviewable on appeal.

3. **Same—Rulings on Evidence.**

Where the movant for a new trial on the ground of error of law occurring at the trial neither specifically points out the error complained of, nor strictly adheres to the language of the statute, but the language employed in stating the ground is equivalent to and as definite as the statutory language, such motion is sufficient to entitle him to a review of a ruling made at the trial respecting the admission of evidence.

4. **Attachment—Bond—Sufficiency.**

An attachment bond executed prior to the adoption of the 1910 Code, and while section 1, chap. 28, art. 6, Sess. Laws 1905 (section 5763, Snyder's Comp. Laws of 1909), was in force, was not invalid because it was not in a sum not less than double the amount of plaintiff's claim.

Error from District Court, Grady county: Will Linn, Judge.

Action by W. P. Jones against E. B. Johnson and others, as principal and sureties on an attachment bond. Judgment for sureties on demurrer to evidence, and plaintiff brings error. Reversed and remanded. ●

Riddle and Hammerly, for plaintiff in error.

Bond, Melton and Melton, for defendants in error.

RAINEY, J. This is an action filed in the district court of Grady county by W. P. Jones, as plaintiff, against E. B. Johnson, guardian, as principal, and H. B. Johnson and Ben F. Johnson, as sureties, on an attachment bond. The cause was tried to a jury. At the conclusion of the plaintiff's evidence the defendants H. B. Johnson and Ben F. Johnson interposed a demurrer thereto, which was sustained by the trial court. The court rendered judgment in favor of the plaintiff as against the defendant E. B. Johnson, guardian, for the amount fixed by the jury in its verdict, and also rendered judgment in favor of the defendants H. B. Johnson and Ben F. Johnson. The plaintiff filed a motion for a new trial as to that part of the judgment in favor of the sureties upon the following grounds: First, "that the court erred in sustaining the demurrer to the evidence of the plaintiff as relates to the defendants Ben F. Johnson and H. B Johnson." Second, "The court erred in holding that the defendants Ben F. Johnson and H. B. Johnson, as sureties, were released and were not liable on said attachment bond for the reason and on the ground that said bond was not in a sufficient amount to double the amount of plaintiff's claim sued on."

From the order overruling his motion for a new trial plaintiff has appealed to this court. The petition in error contains three assignments of error; the first and second being identical with the grounds set forth in the motion for a new trial, and the third being an assignment to the effect that the court erred in denying plaintiff's motion for a new trial as against the defendants Ben F. Johnson and H. B. Johnson. Counsel for defendants in error say that the judgment of the trial court should be affirmed, for

the reason that the motion for a new trial is not on any of the grounds specified in section 5033, Rev. Laws of 1910, entitling a party to a new trial, and that inasmuch as the plaintiff failed to present his motion for a new trial on statutory grounds, he waived his right to insist that a new trial be granted on such motion. It seems to be well settled in this jurisdiction that the statutory enumeration of grounds for a new trial is exclusive and that any matter for which a new trial may be granted is waived if not embraced in the motion therefor. Butts et al. v. Anderson et al., 19 Okla. 367, 91 Pac. 906; St. Louis, I. M. & S. R. Co. v. Lewis, 39 Okla. 677, 136 Pac. 396.

However, under the eighth subdivision of section 5033, supra, a new trial may be granted on the application of the party aggrieved for any "error of law occurring at the trial and excepted to by the party making the application," where such error affected materially the substantial rights of such party. This ground for a new trial embraces a ruling on a demurrer to the evidence, since the alleged error is one occurring at the trial. Lowenstein v. Todd, 40 Okla. 18, 135 Pac. 737; Stump v. Porter et al., 31 Okla. 157, 120 Pac. 639; Ardmore Oil & Milling Co. v. Doggett Grain Co., 32 Okla. 280, 122 Pac. 241. Although the plaintiff in his motion for a new trial did not follow the language of the statute and base his application for a new trial on the ground of "error of law occurring at the trial and excepted to by the party making the application," but pointed out a specific error, to wit, the sustaining of the defendants' demurrer to plaintiff's evidence, the motion was not insufficient for this reason. We agree with the Supreme Court of Kansas that such practice should be encouraged rather than discouraged. Marbourg et al. v. Smith, 11 Kan. 554. The trial court, however, was not in error in sustaining defendants' demurrer to the evidence, for the reason that during the trial the attachment bond on which the suit was instituted was offered in evidence, but its admission was rejected as to defendants in error Ben F. Johnson and H. B. Johnson upon objection by their counsel. Since the bond was not received in evidence as to those parties, there was no evidence upon which to base a judgment against them.

This brings us to a consideration of the question of whether the trial court erred in rejecting the bond as to said defendants, which is attempted to be presented under the second assignment of error based upon the second ground for new trial. What we have said as to the sufficiency of the state-

ment of the first ground for a new trial applies to the second, since the second ground also manifestly relates to an error of law occurring at the trial, although the language of the statute was not employed to state this second ground of the motion. The language is indefinite in that it does not specifically point out the error of law complained of, although the ruling to which reference is made therein occurred during the trial on the objection to the introduction of the bond in evidence, and it is clear from the language of the motion that the movant had reference to some erroneous ruling occurring at the trial.

In the case of Spadia-Clarksville Coal Co. v. Kansas Zinc Co. (Kan.) 145 Pac. 571, the Supreme Court of Kansas, in the second paragraph of the syllabus, held:

"In a motion for a new trial, it is sufficient to set forth the grounds in the language of the statute; and, where such a motion recites 'erroneous rulings' as one of its grounds, appellant can have a review of any ruling made on the trial respecting the admission of evidence."

While we do not commend the manner in which this alleged ground for a new trial is stated in the motion, we are of the opinion that since it is equivalent to and as definite as the statutory language, it must be held sufficient to entitle the movant to a review of any ruling made at the trial respecting the admission of evidence.

The specific objection to the introduction of the bond was that it was not sufficient in amount to authorize the issuance of a writ of attachment, and that this defect rendered the bond invalid. The bond offered in evidence was in a sum less than double the amount of plaintiff's claim, and the court sustained the objection on the theory that the statute required the bond to be in not less than double the amount of his claim. Without expressing any opinion as to whether the sureties could raise the question of the sufficiency of the bond in amount, we must hold that the court erred in excluding it on the grounds stated. Section 4814, Rev. Laws 1910, requires that an order of attachment shall not issue until the undertaking on the part of the plaintiff has been executed by one or more sufficient sureties, approved by the clerk, and filed in his office, in a sum not less than double the amount of plaintiff's claim, but this statute was not in force in June, 1909, at the time of the suing out of the attachment and the execution of the bond involved in this controversy. The statute then in force was section 1, chap. 28, art. 6, Sess. Laws 1905 (section 5703, Snyder's Comp. Laws of 1909), which only required

such bond to be "in a sum not exceeding double the amount of plaintiff's claim * * *." It is due to the court to state that his attention was not called to the provision of the 1909 statute at the time of his ruling on the objection to the introduction of the bond.

For the reasons stated we think this case should be reversed and remanded with directions to the trial court to grant a new trial, and to take such other proceedings as are not inconsistent with the views herein expressed.

OWEN, C. J., and KANE, JOHNSON, and McNEILL, JJ., concur.