### HARPER et al. v. RUTLAND SAVINGS BANK.

No. 11333—Opinion Filed Oct. 12, 1920.

(Syllabus by the Court.)

**1. Judgment—Vacation After Term—Procedure—Statutes.**

Proceedings, under section 5267, Rev. Laws 1910, to vacate or modify a judgment or order of the court after the term at which such judgment or order was obtained, on the grounds of fraud, must be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it,

and the defense to the action, if the party applying was defendant, and on such petition, a summons shall issue and be served as in the commencement of the action.

## 2. Appeal and Error—Preserving Error— Motion for New Trial—Action to Vacate Judgment—Demurrer to Evidence—Review.

Where a petition is filed, under subdivision 4, section 5267, Rev. Laws 1910, seeking to vacate a judgment on the grounds of fraud practiced by the successful party in obtaining the judgment, and an answer is filed denying the allegations of the petition, and issue is joined, and after the close of the evidence in support of the petition a demurrer is filed to the evidence as being insufficient to sustain the allegations of the petition, which demurrer is sustained, in order to have this court review the evidence adduced at the trial a motion for a new trial is necessary, and such motion and the ruling thereon must be incorporated in the case-made and attached to the petition in error filed in this court.

Error from District Court, Custer County; Thos. A. Edwards, Judge.

Action by the Rutland Savings Bank against Charles Harper and another on promissory notes. Judgment for plaintiff. Petition by defendants for vacation of judgment for fraud. Demurrer to defendants' evidence sustained, and they bring error. Dismissed.

E. T. Barbour, for plaintiffs in error.

J. C. Counts, for defendant in error.

PITCHFORD, J. On the 29th day of November, 1915, the Rutland Savings Bank commenced an action against the plaintiffs in error, Charles and Julia Harper, in the district court of Custer county, upon certain promissory notes executed by the plaintiffs in error in favor of the defendant in error. The parties hereafter will be referred to as they appeared in the district court in the first instance.

The defendants were duly served with process, appeared, and filed a demurrer to the plaintiff's petition. The demurrer was overruled and defendants given 15 days in which to answer. The defendants failed to plead further in the premises within the time allowed, and thereafter, on the 27th day of April, 1916, judgment was rendered in favor of the plaintiff.

On the 2nd day of July, 1917, the defendants filed a petition to vacate and set aside the said judgment, alleging that the same was obtained by fraud, collusion, misrepresentation, and deceit imposed and practiced upon the defendants by the plaintiff. Plaintiff filed a demurrer to the petition of the defendants, which demurrer was by the court overruled, whereupon plaintiff filed its answer denying the allegations of the petition. On the 3rd day of November, 1919, the cause came on for hearing upon the petition and answer. A jury was waived and the cause tried to the court. After the defendants had concluded their evidence and rested, the court sustained a demurrer to the evidence for the reason that the same was insufficient to entitle defendants to have the judgment vacated and set aside, and the evidence failed to sustain the allegations of the petition to vacate. The defendants excepted to the ruling of the court, and gave notice of appeal. On August 14, 1920, defendants filed in this court their petition in error with case-made attached. The plaintiff has filed a motion to dismiss the appeal, for the reason, among others, that the defendants did not file a motion for new trial, and having failed to file a motion for new trial, the matters which they seek to have reviewed cannot be considered or reviewed by this court.

The petition filed by the defendants to vacate, while statutory, is in the nature of an equitable proceeding.

Section 5267, Rev. Laws 1910, gives the district court power to vacate or modify its judgments or orders at or after the term at which such judgment or order was made:

"First. By granting a new trial for the cause, within the time and in the manner prescribed in section 5035.

"Second. By a new trial granted in proceedings against defendants constructively summoned, as provided in section 4728.

"Third. For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order.

"Fourth. For fraud, practiced by the successful party in obtaining the judgment or order.

"Fifth. For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings.

"Sixth. For the death of one of the parties before the judgment in the action.

"Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending.

"Eighth. For errors in a judgment, shown by an infant in twelve months after arriving at full age, as prescribed in section 5142.

"Ninth. For taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not

summoned or otherwise legally notified of the time and place of taking such judgment."

Section 5268, Id., provides:

"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment, because if its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

Section 5269, Id., provides:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions four, five, six, seven, eight and nine, of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue, and be served as in the commencement of an action."

It will be observed that the judgment or order sought to be vacated for causes set forth in subdivisions one, two and three of section 5267, supra, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action, while the procedure required under the remaining paragraphs of the section shall be by petition upon which a summons shall be served as in the commencement of an action.

In the former, the proceedings are carried on under the original action, and the judgment or order of the trial court rendered upon such motion may be appealed from by the party aggrieved without the necessity of a motion for a new trial. In the latter, however, the procedure is in the nature of an original action.

The trial is conducted as any other action of an equitable nature, and in order to have the errors occurring during the progress of the trial or the evidence reviewed by this court, a motion for a new trial must be filed and such motion and the ruling of the trial court thereon preserved by being incorporated in the case-made. In the instant case, plaintiff filed a demurrer to the petition of the defendants, which demurrer was by the court overruled; thereupon plaintiff answered, and issue was joined. The defendants, to maintain the issues on their part, introduced witnesses, who were sworn and examined.

In Gruble v. Ryus, 23 Kan. 195, it is held

that the ruling on a demurrer to the evidence is a decision "occurring at the trial"; and in order to enable the Supreme Court to review such ruling, it is necessary that a motion for a new trial be made and filed within the time prescribed by law.

In Baugh v. Hudson, 54 Okla. 269, 153 Pac. 289, it is said:

"A motion for a new trial is necessary to give this court jurisdiction to review errors occurring at the trial of a case, where a final judgment has been rendered."

The syllabus in the case of Federal Refining Co. et al. v. Fortuna Oil Company, 77 Okla. 23, 185 Pac. 1080, is as follows:

"Where a party interposes a demurrer to the evidence which is overruled, stands upon the demurrer, and judgment is rendered against him, a motion for a new trial must be filed in order for the Supreme Court to review the evidence adduced in the trial court."

To the same effect, see Planters' Mutual Insurance Association v. Rose et al., 27 Okla. 530.

In Bilby v. Cathcard, 51 Okla. 189, 151 Pac. 688, it is said:

"Errors occurring on the trial of a cause are not reviewable in this court, unless the same were brought to the attention of the trial court by motion for new trial, and acted upon, and such motion and the ruling thereon preserved by bill of exceptions, included in a transcript, or incorporated in a case-made, filed with a petition in error in this court."

To the same effect, see Ardmore Oil & Milling Co. v. Doggett Grain Co., 32 Okla. 280, 122 Pac. 241.

The defendants have filed a motion asking permission to withdraw the original case-made filed in this court, for the purpose of correcting and supplying an omission of the order extending the time to prepare and serve case-made and asked to be permitted to attach by interlining in the case-made the bond for costs executed and filed in the court clerk's office. Should this application be granted and the correction made, it could not avail the defendants, in view of the conclusions we have reached. The application for leave to withdraw the case-made is therefore denied, and the motion to dismiss the appeal is sustained.

RAINEY, C. J., and JOHNSON, McNEILL, HIGGINS, and BAILEY, JJ., concur.