## ROURKE v. STANLEY.

No. 12329—Opinion Filed Oct. 23, 1923.

1. **Appeal and Error — Record — Time for Motion for New Trial.**

Where no motion for new trial has been actually filed within the statutory period, a recital in the record that the plaintiff in due form files his motion for a new trial, and that same being heard and considered is by the court denied, is of no avail as a substitute for the filing of such motion.

2. **Same — Motion out of Time — Effect on Review.**

Sections 572 and 574, Comp. Stat. 1921, requiring a motion for a new trial to be filed within three days after verdict, is mandatory, and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified in said statute, this court cannot consider it or review the errors occurring at the trial.

3. **Same—"Matters Occurring at Trial."**

The action of the court upon a demurrer to the evidence, or on a motion to direct a verdict, is a matter occurring at the trial.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Oklahoma County; W. R. Taylor, Judge.

Action by Lucy A. Stanley against S. A. Rourke. Judgment for plaintiff, and defendant brings error. Dismissed.

Casper Edwards, for plaintiff in error.

Harry W. Priest and M. R. Belisle, for defendant in error.

Opinion by THOMPSON, C. This action arose in the county court of Oklahoma county, between Lucy A. Stanley, defendant in error, plaintiff below, and S. A. Rourke, plaintiff in error, defendant below, whereby defendant in error sought to recover possession of lots one and two, in block "D," in Oak Park addition to Oklahoma City, together with the house located thereon, under the unlawful and forcible detainer statutes of Oklahoma.

Parties will be referred to as plaintiff and defendant, as they appeared in the lower court.

The petition is in the ordinary form to recover possession of real estate.

Trial was had, and at the close of the testimony plaintiff demurred to the testimony of defense for the reason that the evidence was not sufficient to constitute a defense to the action, and moved the court to instruct the jury to return a verdict for the plaintiff. The demurrer was by the court sustained and exceptions reserved by the defendant. Verdict returned by the jury in favor of the plaintiff, finding the defendant guilty and the plaintiff entitled to immediate possession of the property.

Then appears in the record the following:

"By Mr. Edwards (attorney for defendant): May the record show motion for new trial considered filed, acted upon and exception allowed the defendant. By the Court: Let the record so show."

And judgment was pronounced upon the verdict of the jury in favor of the plaintiff, but nowhere in the record appears a motion for new trial and no motion for new trial was, in fact, ever actually filed in the cause.

The defendant sets up in his brief two assignments of error, which are as follows:

"1. The court erred in excluding evidence offered by this plaintiff in error.

"2. The court erred in sustaining the demurrer to the evidence of this plaintiff in error and in taking the disputed fact from the jury and directing a verdict for the plaintiff in that action."

In the absence of a motion for new trial, this court cannot consider any errors assigned that would require an examination of the evidence. This, for the reason that errors, appearing at the trial of a cause, must be presented to the trial court in a motion for new trial, and such motion and the ruling thereon brought into the record, either by bill of exceptions or case-made. And where the case-made, certified as a

transcript, fails to contain the motion for new trial, and the errors assigned are not apparent on the face of the record, the appeal, will be dismissed.

Attorneys for plaintiff, in their brief, ask that this appeal be dismissed upon the ground that no motion for new trial was ever filed or entered of record, and that none appears in the record herein. While the record in this case shows that the defendant asked that the record show motion for new trial was filed and acted upon, it does not contain the motion for new trial. This court, in a long line of cases, has held that this is fatal on appeal. Canadian River R. Co. v. Wichita Falls & N. W. R. Co. et al., 63 Okla. 134, 163 Pac. 275; Tribal Development Co. v. White Bros. et al., 28 Okla. 525, 114 Pac. 736; Bilby v. Cathcart et al., 51 Okla. 189, 151 Pac. 688.

This court, in the case of Board of Comrs. of Beaver Co. v. Langston et al., 41 Okla. 715, 139 Pac. 956, held:

"To have reviewed in the Supreme Court errors occurring at the trial of a case, a motion for a new trial must have been filed and acted on by the trial court, exceptions taken thereto, and the ruling thereon assigned as error in the petition in error."

Under chapter 34, Session Laws of 1923, it is no longer necessary to assign as error the overruling of a motion for new trial, but the filing of a motion for new trial is a necessary requirement. In the case, supra, this court held:

"The action of the court upon a demurrer to the evidence, or on a motion to direct a verdict is a matter occurring at the trial."

To like effect is the case of J. R. Watkins Medical Co. v. Lizar et al., 78 Okla. 302, 190 Pac. 552.

Then, having decided that the errors complained of occurred during the trial, and the errors not being preserved by motion for new trial, they cannot be considered by this court on appeal, and while it may be noted that permission was granted to file a motion for new trial, and that the journal entry in this case recites that the defendant made his motion in open court that the court consider a motion for new trial as filed, this statement of the journal entry cannot be held as conclusive of the fact that a motion was duly made and filed, there being no such motion in fact filed or preserved in the record, and we cannot say that the court erred in overruling it. In such circumstances no error, charged to have occurred during the trial,

is preserved for review by this court. See Ewert v. Wills et al., 72 Oklahoma, 178 Pac. 87.

There being nothing in the record properly presented to this court for review, on account of the failure of defendant to file his motion for new trial, as required by sections 572 and 574, Compiled Statutes 1921, and as construed by the decisions of this court, we are therefore of the opinion that the appeal should be and is hereby dismissed.

By the Court: It is so ordered.