**HUNT v. TRIBUNE PUBLISHING CO. et al.**

No. 24103. May 7, 1935.

Frank H. Griggs and E. A. Adriaenssens, for plaintiff in error.

Biddison, Campbell & Biddison and Harry Campbell, Jr., for defendants in error.

PHELPS, J.   Plaintiff sued the defendants for damages sustained as a result of their printing and circulating an allegedly libelous article in their newspaper. The case came on for trial and the court sustained defendants' demurrer to plaintiff's evidence.

Plaintiff appeals by transcript containing none of the evidence, contending that the court erred in sustaining defendants' demurrer to the evidence. The defendants filed a motion to dismiss this appeal, on the ground that plaintiff failed to file a motion for new trial in the lower court.

Such failure to file motion for new trial is fatal to this appeal, for the reasons so often heretofore announced that it is unnecessary to repeat them here. The ruling on a demurrer to the evidence is a "decision occurring on the trial", within the meaning of sections 398, 400, and 528, O. S. 1931, and in order to enable the Supreme Court to review such ruling it is necessary that a motion for new trial be filed within the time prescribed by law. Board of Com'rs of Beaver County v. Langston, 41 Okla. 715, 139 P. 956; Ardmore Oil & Milling Co. v. Doggett Grain Co., 32 Okla. 280, 122 P. 241; Stump v. Porter, 31 Okla. 157, 120 P. 639; Insurance Co. v. Little, 34 Okla. 449, 125 P. 1098; Tyler v. Tyler, 44 Okla. 411, 144 P. 1023.

But the plaintiff contends that under the circumstances of this particular case it was unnecessary to file a motion for new trial, due to the fact that the published article was libelous per se and that he was entitled to $100 minimum damages under section 729, O. S. 1931. Plaintiff says, that being the case, he was under no duty to introduce evidence as to the harmful effect of the article, the language of the article carrying its own imputation of damages, and that, therefore, the case is just like one where the lower court sustains a demurrer to the petition, and that we have held it unnecessary to file a motion for new trial,

in order to perfect an appeal, where the lower court so sustains a demurrer to the petition. Plaintiff further points out that the court, in overruling defendants' demurrer to the petition, expressly ruled that the article was libelous per se and that such ruling became "the law of the case", and that therefore when defendant filed its answer admitting the publication but denying the libelous character of the article, plaintiff could have taken judgment for $100 on the pleadings. (To clarify the facts,—a different judge presided at the hearing of the motion docket, when defendants' demurrer to the petition was ruled on as aforesaid, than the judge who presided at the trial of the case, and which latter judge sustained the demurrer to the evidence.)

The doctrine of "law of the case" does not apply. That doctrine prevails where an appeal has been taken and the cause remanded for new trial. Where, in the decision on that appeal, issues of law are decided, such decisions become the "law of the case" upon the second trial thereof, on the same issues, between the same parties. Instead of acting on his belief that he could take judgment of $100 on the pleadings, without going to trial, in view of the first judge's ruling that the article was libelous per se, and publication being admitted, plaintiff chose to go to trial on the merits and enlarge those damages. Thus he took his chances on the defendants again raising the question of the sufficiency of his petition, either by objection to the introduction of evidence or by demurrer to the evidence. The natural effect thereof was to again open the question as to whether the article was libelous per se. Having so elected to go to trial on the merits, and enlarge the amount of his recovery, he must be held to the rules of trial procedure, which compel the filing of motion for new trial as a necessary step in the perfection of an appeal.

Nor is it sufficient for the journal entry of judgment to state that the motion for new trial was filed and overruled; it must actually have been filed and the case-made or transcript reveal the fact. The transcript before us contains no evidence of any such motion having been filed. It appears that they "treated it" as having been filed. The journal entry, after reciting the sustaining of the demurrer to the evidence, adds "and his motion for a new trial thereupon filed and submitted was denied, to all of which the plaintiff excepted. * * *" In Rourke v. Stanley, 93 Okla. 93, 219 P. 674, we stated:

"Where no motion for new trial has been

actually filed within the statutory period, a recital in the record that the plaintiff in due form files his motion for a new trial, and the same, being heard and considered,· is by the court denied, is of no avail as a substitute for the filing of such motion. * * * While the record in this case shows that * * * asked that the record show motion for new trial was filed and acted upon, it does not contain the motion for new trial. This court, in a long line of cases, has held that this is fatal on appeal. Canadian River R. Co. v. Wichita Falls & N. W. R. Co., 63 Okla. 134, 163 P. 275; Tribal Development Co. v. White Bros., 28 Okla. 525, 114 P. 736; Bilby v. Cathcart, 51 Okla. 189 151 P. 688."

There being nothing in the record properly presented to this court for review, on account of the failure of the plaintiff to file his motion for new trial, as required by sections 398 and 400. O. S. 1931, and as construed by the decisions of this court above cited, we are of the opinion that the appeal should be, and the same is hereby dismissed.

McNEILL, C. J., and RILEY, CORN, and GIBSON, JJ., concur.