## MITCHENER et al. v. CITY COM'RS, CITY of OKMULGEE, et al.

No. 12291—Opinion Filed June 24, 1924.

### 1. Appeal and Error—Time for Appeal—Orders Modifying Attachment or Injunction.

Section 5266, Rev. Laws of Oklahoma 1910 (sec. 809, Comp. Stat. 1921), provides: When an order, discharging or modifying an attachment or a temporary injunction shall be made in any case, and the party who obtained such attachment or injunction shall except to such order, for the purpose of having the same reviewed in the Supreme Court upon petition in error, the court or judge granting said order shall, upon application of the proper party, fix the time, not exceeding 30 days from the discharge or modification of said attachment or injunction, within which such petition in error shall be filed.

### 2. Same—Effect of Motion for New Trial.

A motion for a new trial will not operate to extend the time within which an order may be appealed from, where a motion for a new trial is not necessary, but where a motion for a new trial is a prerequisite to confer jurisdiction upon this court to review the order complained of, the statutory period of limitation within which the appeal may be filed in this court begins to run from the date of the order overruling the motion for a new trial.

**3. Same—Necessity for Motion for New Trial—Injunction—Ruling on Demurrer to Evidence.**

Where injunction is prayed, and issues joined and trial had, and plaintiff introduces evidence and rests, and the defendants file a demurrer to the evidence, the ruling on such demurrer to the evidence is a decision occurring on the trial, and in order to enable the Supreme Court to review such ruling, it is necessary that a motion for a new trial be filed within the time prescribed by law.

**4. Municipal Corporations — Control of Streets—Rights of Citizens—Damages—Statutes.**

Section 588, Rev. Laws Okla. 1910 (sec. 4563, Comp. Stats. 1921), provides: The council shall have power to annul, vacate or discontinue, or to grant to any public use, any street, avenue, alley or lane, wherever deemed necessary or expedient; provided, that all damages sustained by the citizens of the city or owners of property therein shall be ascertained as provided by law for the condemnation of property for railroad purposes.

**5. Same—Vacation of Street—Rights of Property Owner—Damages.**

Where M. owns property, facing on S avenue, and S avenue is improved by pavement being laid therein, and the intersection of S and C avenues is paved and the portion of the cost of paving the intersection of S and C avenues is assessed against the property of M., who has paid, and is paying the assessment so made as provided by law, and C avenue is vacated as a public highway, M.'s interests and damage are different in kind from the general public, and before such attempted vacation of C avenue is perfected, M. is entitled to notice of the proposed vacation, and to have his damages ascertained as provided by law.

**6. Same—Power to Vacate Street by Resolution.**

Section 588. Rev. Laws Okla. 1910 (sec. 4563, Comp. Stats. 1921), confers no power upon the governing bodies of cities to vacate streets by resolution; the act of 1890, of which the section referred to is a part, delegates certain powers to city governing bodies to be exercised by ordinance.

**7. Same—Express and Implied Powers of Cities.**

The powers which a municipal corporation possesses and can exercise are limited to those powers which are by the act under which they are created and by the charter of the municipal corporation (1) expressly granted; (2) those impliedly granted and necessarily fairly incident to the powers expressly granted; or (3) those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okmulgee County, T. F. Shackelford, Special Judge.

Action by W. C. Mitchener and others against the City Commissioners of the City of Okmulgee and another. Judgment for defendants, and plaintiffs bring error. Reversed and remanded, with instructions.

G. R. Horner, for plaintiffs in error.

L. L. Cowley, for defendants in error.

Opinion by RUTH, C. This action was filed in the district court of Okmulgee county by W. C. Mitchener and others against the city commissioners of Okmulgee and one Moses Carr, defendants, wherein it was sought to enjoin the city commissioners from vacating Cherokee street from Seminole avenue and Morton avenue, in the city of Okmulgee, and to enjoin the defendant Moses Carr from erecting a building on the land so vacated for street purposes.

The plaintiffs' petition alleges that in January, 1904, a plat covering Smith's addition was filed and recorded, and upon such plat the said Cherokee avenue was shown commencing on the west side of said addition and extending east between blocks 5 and 6 and 7 and 4 crossing Seminole avenue, and intersecting Morton avenue; that the said Cherokee avenue was 60 feet in width, and has ever since 1904 been used as a public thoroughfare; that Cherokee street provides the only means of travel east and west, and the closing of this street would necessitate the detouring to a street 1,100 feet south of Cherokee street; and further alleges that plaintiffs are owners of lands in Smith's addition; that on November 3rd, 1919, the city commissioners undertook by resolution to vacate that portion of Cherokee avenue lying between Seminole and Morton avenues, and that said action of said commissioners was taken without notice to these plaintiffs and without any attempt to assess or ascertain the damages which the plaintiffs or any of them suffered because of the said attempted action. Plaintiffs' petition further alleges:

"Plaintiffs allege that said action of the said city commissioners is null and void for the reason that it attempts to legislate by means of resolution rather than by ordinance as is expressly provided for in the charter of the said city of Okmulgee, Okla. That said attempted action is null and void for the further reason that the title of said resolution, a certified copy of which is hereto attached, made a part of this petition

and marked "Plaintiffs' Exhibit A," embraces more than one subject-matter, and that part of the subject-matter thereof is not expressed in the title of said resolution. That said resolution is null and void for the reason that the same was not published in the manner provided by said city charter, and for the further reason that it undertook to declare an emergency where no emergency under the law exists. That said resolution contains more than one subject-matter, as above set out, and that an emergency is not shown to exist as respects each subject-matter therein attempted to be dealt with.

"That said resolution is further null and void for the reason that it undertook to deprive these plaintiffs of their property rights without due process of law in the following particulars, to wit: That the assessment made for the improvement of the intersection of Seminole avenue and Cherokee avenue, in improvement district No. 10 of the city of Okmulgee has been distributed to that portion of blocks 5 and 6, 4 and 7 of Smith's addition lying immediately contiguous to said intersection. That lots 5 and 6 in block 7, are owned by the plaintiff W. C. Mitchener and that the said W. C. Mitchener has paid three annual installments on the improvement of said intersection, which were assessed to said lots 5 and 6, block 7, and there still remains to be paid seven annual installments, charged to said lots 5 and 6 of said block 7. That the attempted vacating of street and the attempt to allow it to revert to the private ownership of the defendant Moses Carr would have the effect of permitting said defendant Moses Carr to own that portion of said street, the same having a frontage on Seminole avenue of 60 feet, without paying for any portion of the street improvement immediately in front thereof, and would have the further effect of compelling the said plaintiff, W. C. Mitchener, to continue for a period of seven years to pay a portion of said improvement lying immediately in front of said 60 feet as aforesaid. That attempted action of the defendants, the above named commissioners of the city of Okmulgee, deprives said plaintiff, W. C. Mitchener, of his property and valuable rights without due process of law."

It is further alleged that the other plaintiffs would be irreparably damaged by leaving them in a "dead end" street; by making them detour 1.100 feet south; that it would increase the fire hazard in that community by closing the east and west right of way to fire apparatus; and that the damages to their property has not been assessed.

It is further alleged that defendant Moses Carr is now attempting to begin the construction of a building on the said street, and that the vacation of said Cherokee street and the construction of a building thereon will cause irreparable damages to plaintiffs; that they have no adequate remedy at law, and pray an injunction be granted enjoining and restraining the defendant city commissioners from vacating or attempting to vacate the street.

The plaintiffs set out a copy of the resolution passed by the commissioners and make the same a part of their petition, the resolution being in the following words and figures:

"Resolution.

"A Resolution Vacating the Alley in Block Four (4); Smith's Addition and the Alley North of the Right of Way of the Ozark and Cherokee Central Railway in Block Seven (7), Smith's Addition and Cherokee Street from the East Line of Seminole Avenue to the Line of Morton Avenue, All in the City of Okmulgee, Oklahoma. and Declaring an Emergency.

"Whereas, in the opinion of the board of commissioners of the city of Okmulgee, and state of Oklahoma, it is for the best interest of the citizens of said city of Okmulgee, state of Oklahoma, to vacate the alley in block four (4) in Smith's addition and that portion of the alley north of the right of way of the Ozark and Cherokee Central Railway, in block seven (7), Smith's addition and Cherokee street, from the east line of Seminole avenue to the west line of Morton avenue, all in the city of Okmulgee, Okla., provided that the owners of the property abutting upon that portion of Cherokee street, above described, shall construct and maintain a cement sidewalk five (5) foot in width on the north side of said Cherokee street, and keep the same open for public travel, Now Therefore,

"Be it Resolved by the Board of Commissioners of the City of Okmulgee, and the State of Oklahoma:

"Section 1. That the alley in block four (4), Smith's addition and that portion of the alley north of the Ozark and Cherokee Central Railway, in block seven (7), Smith's addition, and Cherokee street, from the east line of Seminole avenue to the west line to Morton avenue, all in the city of Okmulgee, Okla., be, and the same is hereby vacated upon the condition that the owners of the property abutting upon that portion of Cherokee street, herein described, shall construct and maintain a cement sidewalk five (5) feet in width along the north side of said Cherokee street and keep the same open for travel of the public, and at the cost and expense of the said property owners.

"Section 2. That because of the peace, health and safety of the inhabitants of the city of Okmulgee, Okla., an emergency is hereby declared to exist by reason of which

this resolution shall be in full force and effect from and after its passage and approval.

"Passed and approved this 3rd day of November, 1919.

"Orlando Swain.

"Chairman Board of Commissioners of the City of Okmulgee, Oklahoma."

Upon this verified petition a "restraining order" was issued as prayed. Defendants filed their general demurrer, which was by the court overruled. Defendants filed their separate answers, and upon issue joined evidence was introduced by the plaintiffs, and after plaintiffs had rested, the defendant commissioners interposed their demurrer to the plaintiffs' evidence upon the following grounds:

(1) The evidence is not sufficient, nor does it tend to prove any cause of action against the defendants. (2) That the resolution vacating Cherokee avenue was passed by the commissioners on November 3rd, 1919, and action was not filed until January 27, 1920. (3) That the vacation of the street was an administrative or judicial matter of which the city commissioners are the sole judges. (4) That plaintiffs have an adequate remedy at law by action for damages against the city. (5) That the interest or damage to plaintiff is not materially different from that of other citizens of the city of Okmulgee. (6) That a private citizen has no authority to maintain this action. (7) That the evidence fails to show that any property owned by the plaintiffs is adjacent to or abutting upon that portion of Cherokee street vacated by the resolution adopted by the defendant commissioners.

The defendant Mose Carr filed his demurrer to the evidence of the plaintiffs upon the ground: (1) For that the evidence does not show facts sufficient to grant plaintiffs any relief under their petition. (2) The action on the part of the city commissioners as to whether or not it was a necessity, or necessary to vacate this street is conclusive upon the question of necessity, and one in which the court will not interfere. On February 26, 1921, the court sustained the demurrer of the defendants, dissolved the restraining order and temporary injunction theretofore granted in the cause, denied the prayer of the petition for a permanent injunction, and dismissed the action.

The particular ground upon which the court based its order of dissolution of the temporary orders and the denial of the permanent injunction is not set forth in the order. On the 28th day of January, 1921, plaintiffs filed their motion for a new trial, alleging errors of the court in the following particulars:

(1) Error of law occurring at the trial and duly excepted to at the time by the plaintiffs.

(2) That the plaintiffs have shown themselves injured different in kind and degree to that suffered by the general public.

(3) That plaintiffs have suffered a depreciation in the value of their property by reason of the vacation of said street.

(4) Plaintiffs have been deprived of their property without due process of law in that certain paving assessments assessed against their property has inured to the benefit of defendant Mose Carr, and the same has now become his property by reason of the vacation of said street without compensation to these plaintiffs.

(5) That under the proof in this cause plaintiffs are such persons as have suffered damage and would be entitled to notice of the resolution of the city commissioners vacating said street.

(6) That said purported vacation cannot be accomplished by resolution, but must be by an ordinance duly passed in the way, manner and form as prescribed by the laws of the state and the charter of the city of Okmulgee.

On April 20, 1921, the court overruled the motion for a new trial. Plaintiffs gave notice in open court of their intention to appeal and were by the court granted 20 days within which to make and serve case-made, five days thereafter to suggest amendments, the case-made to be settled and signed upon two day's notice thereafter, and on May 18, 1921, this cause was regularly filed in this court.

The defendants move to dismiss this appeal for that the same was not lodged in this court within 30 days after January 26, 1921, the date upon which the court entered its order dissolving the temporary orders and denying a permanent injunction, contending that the statute provided the appeal in this class of cases must be filed in this court within 30 days after the order was entered dissolving the temporary order and denying the injunction.

Section 5266, Rev. Laws 1910 (sec. 809, Comp. Stats. 1921), provides as follows:

"When an order, discharging or modifying an attachment or a temporary injunction, shall be made in any case, and the

party who obtained such attachment or injunction shall except to such order, for the purpose of having the same reviewed in the Supreme Court upon petition in error, the court or judge granting such order shall, upon application of the proper party, fix the time, not exceeding 30 days from the discharge or modification of said attachment or injunction, within which such petition in error shall be filed; and within which time the petition in error shall be filed; and during such time the execution of said order shall be suspended, and until the decision of the case be filed; and the undertaking, given upon the allowance of the attachment, shall be and remain in force until the order of discharge shall take effect. If such petition in error shall not be filed within the time limited, the order of discharge shall become operative and be carried into effect; and the certificate of the clerk of the Supreme Court that such petition is or is not filed shall be evidence thereof."

This section has been frequently construed by this court, and it has been uniformly held that, unless the petition in error is docketed in this court within 30 days, this court is without jurisdiction to review such order. Mounts Oil, Gas & Mineral Co. v. Sandals, Griffin & Co. et al., 50 Okla. 321, 150 Pac. 1045; Herring v. Wiggins, 7 Okla. 312, 54 Pac. 483; First National Bank of Hobart v. Spink, 21 Okla. 468, 97 Pac. 1019; Pioneer Tel. & Tel. Co. v. Incorporated Town of Chelsea, 23 Okla. 720, 102 Pac. 83; Farmer's & Merchants Bank v. Cox, 40 Okla. 307, 138 Pac. 148; Horn v. City of Oklahoma City, 43 Okla. 501, 148 Pac. 1040; Patterson et al. v. Riley, County Clerk, et al., 46 Okla. 205, 148 Pac. 169.

"A proceeding in error for the purpose of reviewing an order discharging a temporary restraining order will be dismissed when the petition in error is not filed with the clerk of the Supreme Court within 30 days after the making of such order." White et al. v. Hooker et al., 47 Okla. 453, 148 Pac. 719.

An examination of the foregoing cases will disclose the order dissolving the temporary injunction, etc., was made upon motion, and not during the trial of the case, and in no instance was the order of dissolution made upon demurrer to the evidence.

Defendants contend that although this cause was filed in this court within 30 days after motion for new trial was overruled, the motion for a new trial was unnecessary, and the filing of the same did not operate to extend the time beyond the 30-day statutory period prescribed by statute after the order of dissolution made on January 26th. It is true a motion for a new trial will not operate to extend the time within which the order might be appealed from, where

a motion for a new trial is not necessary. Oxford v. State, 80 Okla. 103, 194 Pac. 101; Powell et al. v. Nichols et al., 26 Okla. 734, 110 Pac. 762; Crawford v. Shintaffer, 92 Okla. 22, 217 Pac. 867. The rule there laid down is not applicable, as the decision in the case at bar was upon a demurrer to the evidence and was a decision occurring on the trial, and being such, a motion for a new trial and a ruling thereon is necessary to confer jurisdiction upon this court to review the errors complained of.

In Federal Refining Co. et al. v. Fortuna Oil Co., 77 Okla. 23, 185 Pac. 1080, this court said:

"The ruling on a demurrer to the evidence is a decision occurring on a trial; and in order to enable the Supreme Court to review such ruling, it is necessary that a motion for a new trial be filed within the time prescribed by law."

This is a well established rule and has been followed in a great number of cases both in this state and Kansas. Ardmore Oil & Milling Co. v. Daggett Grain Co., 32 Okla. 280, 122 Pac. 241; Stump v. Porter, 31 Okla. 157, 120 Pac. 639; Tyler v. Tyler, 44 Okla. 411, 144 Pac. 1023; Insurance Co. of North Amer. v. Little, 34 Okla. 449, 125 Pac. 1098; James v. Jackson, 30 Okla. 190, 120 Pac. 299; Guble v. Ryns et al., 23 Kan. 195; Pratt v. Kelly, 24 Kan. 111; Norris v. Evans, 39 Kan. 668, 18 Pac. 818; Lott v. K. C., Ft. S. & G. R. Co., 42 Kan. 293, 21 Pac. 1070; Coy v. Mo. Pac. Ry. Co., 69 Kan. 521, 76 Pac. 844; Buoy v. Clyde Mill and Ele. Co., 68 Kan. 436, 75 Pac. 466; Darling v. A., T. & S. F. Ry. Co., 76 Kan. 893, 93 Pac. 612, 94 Pac. 202; Hartwell v. Mfg. Co., 78 Kan. 259, 97 Pac. 432; Heinz v. Consumers M. H. & P. Co., 81 Kan. 261, 105 Pac. 527. The motion for a new trial in the case at bar being necessary and the appeal having been filed within 30 days after the ruling upon such motion, this court acquires jurisdiction to review the cause upon errors assigned by plaintiff.

Plaintiffs testified to the original allotment of the land; the acquisition of a right-of-way by the railroad company, across the land; the platting of the land and the recordation of the plat showing Cherokee street from the west side of Smith's addition east to Morton avenue, and that such street has ever since the filing of the plat been in general use as a public thoroughfare; that the plaintiffs owned property in Smith's addition, and the closing of Cherokee street would necessitate a detour 1,100 feet south. The resolution adopted by the city commissioners vacating Cherokee street,

between Seminole avenue and Morton avenue, was also introduced in evidence and is a part of the record, and it is conceded that no notice of the proposed vacation of the street was given by the commissioners and that damages to property of plaintiffs has never been assessed. It is further conceded that Mose Carr owns all the property on either side of Cherokee street within the area embraced within the resolution.

Defendants contend that plaintiffs not owning any property on either side of the street within this area, they could not suffer damages different in kind from the general public, by reason of the vacation of Cherokee street. With this contention we cannot agree, for without deciding whether the defendants Senter, Lamb, Terry, Adams, Rebold, Horner, and Frouty would be entitled to notice of the proposed vacation of Cherokee street, or entitled to have damages assessed, that question being reversed, the plaintiff Mitchener was shown to be the owner of lots 5 and 6 in block 7 of Smith's addition, said lots facing on Seminole avenue and lying north of the center line of block 7; that Seminole avenue was paved along the west front of Mitchener's lots, which were assessed for their proportionate share of the pavement in front of the 60 feet attempted to be vacated, being the intersection of Seminole avenue and Cherokee street, which 60 feet would upon vacation of the street revert to the defendant Carr, and would not be assessable as against the vacated portion of the street on a front foot basis, but only, as an intersection assessable against all lots in the quarter blocks of blocks 4 and 7.

The evidence shows that the assessment for paving Seminole avenue and the intersection has been levied and Mitchener has paid such assessment for three years past and must continue to pay for the intersection pavement in front of the property reverting to Carr, by such vacation, for a period of seven years, and Mitchener therefore occupies a different position from the other plaintiffs, and is entitled to have his damages assessed, and could not be required to pay for the paving of the intersection in front of the property claimed by Carr.

Defendant commissioners appear to content themselves with the statement that under section 4563, Comp. Stat. 1921, the governing authorities of a city may vacate a street "whenever deemed necessary or expedient," and it is entirely within the discretion of such governing body, as to the manner or way adopted to effect such vacation, but an examination of the section referred to discloses a provision as follows:

"Provided, that all damages sustained by the citizens of the city or the owners of the property therein, shall be ascertained as provided by law for the condemnation of property for railroad purposes."

Section 5501, Comp. Stats. 1921, provides the method by which railroads may acquire real property as follows:

"5501. Taking by eminent domain—Commissioners. If the owner of any real property or interest therein, over which any railroad corporation, incorporated under the laws of this state, may desire to locate its road, shall refuse to grant the right-of-way through and over his premises, the district judge of the county in which said real property may be situated, shall, upon the application or petition of either party, and after ten days notice to the opposite party either by personal service or by leaving a copy thereof at his usual place of residence with some member of his family over 15 years of age, or, in case of his nonresidence in the state, by such publication in the newspaper as the judge may order, direct the sheriff of said county to summon three disinterested freeholders, to be selected by said judge from the regular jury list of names as commissioners, and who must not be interested in a like question. The commissioners shall be sworn to perform their duties impartially and justly; and they shall inspect said real property and consider the injury which said owner may sustain by reason of said railroad, and they shall assess the damages which said owner sustain by such appropriation of his land, irrespective of any benefits from any improvement proposed; and they shall forthwith make report in writing to the clerk of the said court, setting forth the quantity, boundaries and value of the property taken, and amount of injury done to the property, either directly or indirectly, which they assess to the owner; which report must be filed and recorded by the clerk, and a certified copy thereof may be transmitted to the register of deeds of the county where the land lies, to be by him filed and recorded without further acknowledgement or proof, in the same manner and with like force and effect as is provided for the record of deeds. And if said corporation shall, at any time before it enters upon said real property for the purpose of constructing said road, pay to said clerk for the use of said owner the sum so assessed and reported to him as aforesaid, it shall thereby be authorized to construct and maintain its road over and across said premises."

Counsel for defendants direct our attention to Blackwell, Enid & S. W. Ry. Co. v. Gist, 18 Okla. 516, 90 Pac. 889, wherein it was held:

"It is also settled that the ordinance vacating Park avenue was not void for failing to make provision for compensating the adjacent lot owners."

An examination of the case above cited discloses the fact that the court gave its reasons for so holding as follows to wit:

"The defendant in error at the time the vacating ordinance was adopted took no steps to have her damages assessed. She may have been content to permit the street to become vacated and accept the accretion of the vacated portion of the street as full recompense for any inconvenience occasioned by the vacation of the street and alley and she cannot now be heard to complain of the action of the city."

In the case now before us. defendant Moses Carr does not object to the vacation of Cherokee street, for the very evident reason that by accretion he becomes owner of a building site with a frontage of 55 feet and an average depth of 250 feet, and no assessment against it for the paving on Seminole avenue on a front foot basis, but the evidence discloses the plaintiff Mitchener is paying and must for seven years continue to pay his proportionate share of the cost of paving Seminole avenue, in front of the 55 front feet of land attempted to be given to the defendant Carr, and Mitchener has entered his protest at the first opportunity by filing this action to enjoin the vacation of the street until his damages are assessed as provided by law.

Plaintiff insists the attempted vacation being by resolution and not by ordinance, the same is invalid and a nullity. Section 588, Rev. Laws 1910 (4563, Comp. Stat. 1921), conferring power upon governing bodies of cities of this state to "vacate or discontinue, or to grant to any public use any street, avenue, alley or lane, whenever deemed necessary or expedient" is silent as to whether the vacation may be accomplished by resolution or by ordinance, and while the validity of the acts of city authorities in vacating streets under the statute has been before this court in Blackwell, E. & S. W. Ry. Co. v. Gist, 18 Okla. 516, 90 Pac. 889; McKay v. City of Enid, 26 Okla. 275, 109 Pac. 520; Norman Milling & Grain Co. v. Bethurem, 41 Okla. 735, 139 Pac. 830; Arkansas Valley & W. Ry. Co. v. Bullen, 31 Okla. 31, 119 Pac. 414; Redmond v. Incorporated Town of Sulphur, 32 Okla. 201, 120 Pac. 262, in each instance the vacation of the street has been accomplished by ordinance, and not by resolution, and such appears to be the general interpretation of the intent of the law-making powers, but we know of no case decided by this court where the direct question here has been presented, and the briefs of plaintiffs or defendants throw no light upon the subject.

The section referred to as granting this power is a part of the act of 1890, and an examination of that act conferring powers upon the city authorities discloses no reference to a power to be exercised by resolution, but employs the word "ordinance" throughout the entire body thereof, and as "the powers which a municipal corporation possesses and can exercise are limited to those powers which are by the act under which they are created and by the charter of the municipal corporation (1) expressly granted, (2) those impliedly granted, as necessary or fairly incident to the powers expressly granted, and (3) those essential to the declared objects and purposes of the corporation not simply convenient, but indispensable. (In re Gribben, 5 Okla. 379, 47 Pac. 1074), we are constrained to hold that it was the intention of the Legislature of 1890 to confer the power of vacating streets upon the city authorities, to be exercised by the due passage and publication of ordinance and not by resolution. Section 573, Rev. Laws 1910 (act 1890), confers upon city authorities the power to "open, straighten. widen or extend streets, etc.," and section 588, Rev. Laws 1910 (act 1890), confers upon them power to "vacate or discontinue any street, whenever necessary or expedient." It therefore necessarily follows that when the act of attempted vacation is attained, the necessity or expediency of the act must be made manifest, as in the absence thereof the city authorities are without power to vacate the street. The attempted vacation of the south side of Cherokee street, assumes the appearance of a gift of 55 feet of the said street to the defendant Mose Carr for building purposes, and to deprive the petitioners of their rights without due process of law, and is apparently on "all fours" with the case of Smith v. McDonald et al., 148 Ill. 51, wherein the court said:

"In this case there is no pretense that the public interest required a vacation of any part of the street, or that any public interest, local or general, would be subserved by the proposed vacation. The ordinance, professedly and in terms, proposed to destroy the public right and use for the sole purpose of enabling a private person to occupy a portion of the street, with a permanent structure appurtenant to his building abutting upon the street. This the municipal authorities are not empowered to do. and their act was ultra vires and void."

For the reasons herein stated, the judgment of the court below should be reversed, and this cause remanded, with instructions to the trial court to grant the permanent injunction as prayed.

By the Court: It is so ordered.