This will acknowledge your request for an official opinion of the Attorney General, wherein you submit the following questions: 1. May a municipality lawfully use its funds, equipment or labor to improve property owned by a church, nonprofit corporation or other private entity, where such improvements are solely for the benefit of such church, nonprofit corporation or other private entity? 2. May a municipality lawfully use its equipment and labor to improve such property, if the municipality is fully reimbursed for its costs in making such improvements? 3. May a municipality lawfully use its equipment to improve such property, if the equipment was purchased in part or in whole from street and alley funds received from the State? Your first question inquires whether municipal funds, equipment or labor may be used to make improvements upon property owned by a church, nonprofit corporation or other private entity, where such improvements are made solely for the purpose of conferring a benefit upon the owner of the property. Inherent in this question is the problem of using public funds, equipment or labor for purely private purposes. In City of Sapulpa v. Land,22 Okl. 101, 223 P. 640 (1924), and Oklahoma News Co. v. Ryan, 101 Okl. 151, 224 P. 969 (1924), the court held that Okla. Const., Article X, Section 14 governs the imposition of taxes by municipalities. Okla. Const., Article X, Section 14 provides in pertinent part: "Taxes shall be levied and collected by general laws and for public purposes only . . . ." Applying this constitutional provision, in Vette v. Childers, 102 Okl. 140, 228 P. 145
(1924), and Veterans of Foreign Wars v. Childers,197 Okl. 331, 171 P.2d 618 (1946), the court held that public funds may not be used to assist individuals or private organizations in their business functions, subject to certain exceptions not material here. Moreover, Okla. Const., Article X, Section 17 provides: "The Legislature shall not authorize any . . . city, town . . . to obtain or appropriate money for, or levy any tax for . . . any corporation, association or individual." Your question presupposes that there is no benefit to the public arising from the expenditure of municipal funds or the use of its equipment or labor in making improvements to the property. The cited constitutional provisions are a limitation upon the power of municipalities to raise or expend public funds for such purposes. In applying these constitutional limitations, there is no difference between paying for such improvements directly with municipal funds or making the improvements at municipal expense, using municipal equipment and labor. Your second question, and our answer to it, also is premised upon the absence of benefit accruing to the municipality, viz the public, from the use of municipally owned and employed equipment and labor to improve private property. The issue is whether reimbursement to the municipality for its expenses in making such improvements would permit them to be undertaken lawfully by the municipality. We think not. It is well settled that a municipality possesses and can exercise only those powers granted it by statute, or those necessarily or fairly implied or incidental to the powers expressly granted, and those essential to the declared objects and purposes of the corporation. Mitchener v. City of Okmulgee, 100 Okl. 98, 228 P. 159; Development Industries, Inc. v. City of Norman, Okl., 412 P.2d 953
(1966). The power to make improvements Upon private property solely for the benefit and advantage of the owner thereof with no resultant benefit to the municipality or to its citizens is not among the powers granted by statute, nor necessarily or fairly implied, nor incidental to any of the powers granted to municipalities, nor essential to any of the declared objects and purposes of municipalities. Municipal corporations exercise a portion of the State's sovereignty in the administration of government on the local level, City of Tulsa v. Wheetley,187 Okl. 155, 101 P.2d 834 (1940); and a municipality acts for the collective advantage of its inhabitants and for its own ends in the exercise of its corporate or proprietary powers, Public Service Co. of Oklahoma v. City of Tulsa, 174 Okl. 58, 50 P.2d 166 (1936). The use of municipally owned equipment and municipally employed labor, albeit subject to cost reimbursement, for the sole and exclusive purpose of improving privately owned property at utterly no benefit to the municipality or its citizens collectively, is inconsistent with the purposes for which municipalities exist and wholly ultra vires. Your third question asks whether municipally owned equipment may be used to improve privately owned property, if the equipment was purchased in whole or in part from street and alley funds received from the State. Municipalities receive state and alley fund apportionments from the State from the gasoline excise tax, 68 O.S. 504 [68-504](c) (1979), and from motor vehicle license and registration fees and penalties, 47 O.S. 22.2 [47-22.2] C, 3 (1979). While these funds are restricted in use only to construct, maintain, improve, repair, and light city streets and alleys, this restriction merely adds one more reason to those enumerated in our answer to your first question as to why municipally owned equipment may not be used to improve privately owned property. Again, we have assumed that there is no resultant benefit to the public and that only the owner of the property is benefitted. Therefore, it is the official opinion of the Attorney General that: 1. A municipality may not lawfully use its funds, equipment or labor to improve property owned by a church, nonprofit corporation or other private entity, where such improvements are solely for the benefit of such church, nonprofit corporation or other private entity; 2. A municipality may not lawfully use its equipment and labor to improve such property, even if the municipality is fully reimbursed for its costs in making such improvements; and 3. A municipality may not lawfully use its equipment to improve such property, if the equipment was purchased in whole or in part from state apportioned funds in its street and alley fund. (FLOYD W. TAYLOR) (ksg)