** PART I **
ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN INFORMAL ATTORNEY GENERAL OPINION REGARDING, GENERALLY, THE PROPER DISPOSITION OF A SCHOOL BUILDING OF AN ANNEXED SCHOOL DISTRICT AND THE NECESSITY OF OFFERING SUCH A SCHOOL BUILDING FOR PUBLIC BID OR SALE. WE HAVE COMPLIED WITH YOUR REQUEST FOR AN INFORMAL OPINION AND, THEREFORE, YOU SHOULD BE ADVISED THAT THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTIONS YOU HAVE RAISED.
I.
INTRODUCTION
IN YOUR REQUEST FOR AN INFORMAL OPINION, YOU DETAILED THE FACTUAL SCENARIO WHICH GAVE RISE TO YOUR REQUEST. IN SHORT, THE BIG CABIN SCHOOL DISTRICT VOTED RECENTLY TO ANNEX ITSELF TO THE VINITA SCHOOL DISTRICT. HOWEVER, THE COMMUNITY OF BIG CABIN WOULD LIKE TO RECEIVE TITLE TO ITS SCHOOL BUILDING, PRESUMABLY FOR ONLY NOMINAL CONSIDERATION, FOR USE AS A COMMUNITY CENTER. ACCORDING TO YOUR REQUEST, THE VINITA SCHOOL BOARD HAS NO OBJECTION TO SUCH A TRANSACTION. YOU ASK ABOUT THE PROPRIETY OF SUCH A TRANSACTION AND/OR WHETHER THE TRANSACTION REQUIRES PUBLIC BIDS.
FOR PURPOSES OF ANSWERING YOUR QUESTIONS, IT MUST BE ASSUMED THAT THE ANNEXATION PROCESS YOU REFERRED TO WAS ACCOMPLISHED PROPERLY, PURSUANT TO 70 O.S. 7-101 (1991) ET SEQ., AS AMENDED, AND THAT THERE WAS NOT AN APPEAL OF THE ANNEXATION ORDER, THEREBY MAKING IT A FINAL ORDER. GIVEN THIS ASSUMPTION, THE SOLE LEGAL ISSUE TO BE RESOLVED IS WHETHER THE VINITA SCHOOL DISTRICT, THE ANNEXING DISTRICT, HAS THE AUTHORITY TO CONVEY TO THE COMMUNITY OF BIG CABIN, FOR MINIMAL OR NO CONSIDERATION, THE BIG CABIN SCHOOL BUILDING, WHICH IS FOUND IN THE ANNEXED DISTRICT.
II. POWER OF AN ANNEXING SCHOOL DISTRICT TO DISPOSE OF SCHOOL BUILDING OF AN ANNEXED SCHOOL DISTRICT
THE SCOPE OF AUTHORITY OF A SCHOOL DISTRICT MUST BE ADDRESSED WITH REFERENCE TO ITS STATUTORY GRANT OF POWER. A.G. OPIN. NO. 86-109. THIS IS BECAUSE THE POWERS TO BE EXERCISED BY THE SCHOOL DISTRICT HAVE BEEN HELD TO BE THOSE OF A MUNICIPAL CORPORATION. JOINT SCHOOL DIST. NO. 132 IN MA OR CO. ALFALFA CO. V. DABNEY, 260 P. 486 (OKLA.1927). THOSE POWERS ARE LIMITED TO THOSE GRANTED BY EXPRESS WORDS, THOSE WHICH MAY BE NECESSARILY AND FAIRLY IMPLIED AND THOSE WHICH ARE ESSENTIAL TO THE DECLARED PURPOSES OF THE CORPORATION. MITCHENER V. CITY COM'RS. OF CITY OF OKMULGEE,228 P. 159 (OKLA.1924); WORLEY V. FRENCH, 85 P.2D 296 (OKLA.1938): BOARD OF EDUCATION OF OKLA. CITY V. CLOUDMAN, 92 P.2D 837 (OKLA.1939); DEVELOPMENT INDUSTRIES. INC. V. CITY OF NORMAN, 412 P.2D 953 (OKLA.1966); MOREHEAD V. DYER, 518 P.2D 1105 (OKLA.1973).
BY STATUTE, THE GOVERNING BOARD OF EACH SCHOOL DISTRICT IS THE LOCAL BOARD OF EDUCATION IN EACH DISTRICT. 70 O.S. 5-106 (1991). SEE ALSO A.G. OPIN. NO. 80-236. THE ABOVE-REFERENCED POWERS OF A SCHOOL DISTRICT ARE, THEREFORE, TO BE EXERCISED BY THE LOCAL BOARD OF EDUCATION. THE POWERS GRANTED TO THE BOARDS OF EDUCATION ARE SET FORTH PRIMARILY IN 70 O.S. 5-117 (1992).
BEFORE REVIEWING THOSE STATUTORY POWERS, IT MUST BE NOTED THAT ONE OF THE ABOVE-REFERENCED ANNEXATION STATUTES, SPECIFICALLY 70 O.S. 7-104(A), PROVIDES THAT WHERE AN ENTIRE SCHOOL DISTRICT IS ANNEXED TO ONLY ONE OTHER DISTRICT, "THE DISTRICT TO WHICH IT IS ANNEXED SHALL BECOME THE OWNER OF ALL THE PROPERTY AND OTHER ASSETS OF THE DISORGANIZED DISTRICT (.)" BASED ON THIS STATUTORY LANGUAGE, AND THE FACTS YOU HAVE PROVIDED ME, IT WILL BE ASSUMED THAT LEGAL TITLE TO THE BIG CABIN SCHOOL BUILDING WAS VESTED IN THE VINITA SCHOOL DISTRICT SUBSEQUENT TO THE ANNEXATION YOU DESCRIBED. THAT BEING SO, WE MAY TURN TO 70 O.S. 5-117 (1992), WHICH DESCRIBES THE STATUTORY POWERS THE VINITA SCHOOL BOARD MAY POSSESS TO DISPOSE OF OR CONVEY THE BIG CABIN SCHOOL BUILDING.
A. GENERAL STATUTORY AUTHORITY OF SCHOOL BOARD OF EDUCATION TO CONVEY REAL PROPERTY, A PROVIDE BY 70 O.S. 5-117 (1992) TITLE 70 O.S. 5-117 PROVIDES, IN PERTINENT PART:
 "A. THE BOARD OF EDUCATION OF EACH SCHOOL DISTRICT SHALL HAVE THE POWER TO:
* * *
 11. DISPOSE OF PERSONAL OR REAL PROPERTY NO LONGER NEEDED BY THE DISTRICT BY SALE, EXCHANGE, LEASE, LEASE-PURCHASE, SALE ND PARTIAL LEASE BACK, OR OTHERWISE. REAL PROPERTY SHALL BE CONVEYED PURSUANT TO PUBLIC SALE, PUBLIC BID, OR PRIVATE SALE PROVIDED HOWEVER. UNLESS OTHERWISE PROHIBITED BY LAW. THE BOARD OF EDUCATION OF A CONSOLIDATED SCHOOL DISTRICT MAY CONVEY REAL PROPERTY TO A LOCAL POLITICAL SUBDIVISION WITHOUT CONSIDERATION. PRIOR TO THE SALE OF ANY REAL PROPERTY, THE BOARD OF EDUCATION SHALL HAVE THE REAL PROPERTY APPRAISED. THE APPRAISAL SHALL BE CONFIDENTIAL UNTIL THE REAL PROPERTY IS SOLD. WHEN THE REAL PROPERTY IS SOLD THE BOARD OF EDUCATION SHALL MAKE THE APPRAISAL AVAILABLE FOR PUBLIC INSPECTION. PRIOR TO THE CONVEYANCE OF ANY REAL PROPERTY BY PRIVATE SALE, THE BOARD OF EDUCATION SHALL HAVE OFFERED THE REAL PROPERTY FOR SALE BY PUBLIC SALE OR PUBLIC BID. ANY CONVEYANCE OF REAL PROPERTY BY PRIVATE SALE TO A NONPROFIT ORGANIZATION, ASSOCIATION, OR CORPORATION TO BE USED FOR PUBLIC PURPOSES, UNLESS FOR EXCHANGE, SHALL CONTAIN A REVERSIONARY CLAUSE WHICH RETURNS THE REAL PROPERTY TO THE BOARD OF EDUCATION UPON THE CESSATION OF THE USE WITHOUT PROFIT OR FOR PUBLIC PURPOSES BY THE PURCHASER OR THE ASSIGNS OF THE PURCHASER; (EMPHASIS ADDED.)"
A FAIR READING OF THE FOREGOING EXPRESS STATUTORY LANGUAGE CLEARLY INDICATES THAT A BOARD OF EDUCATION HAS THE POWER TO DISPOSE OF REAL PROPERTY "NO LONGER NEEDED" BY THE DISTRICT BY SALE EXCHANGE, LEASE, LEASE-PURCHASE, SALE AND PARTIAL LEASE BACK, OR OTHERWISE." IN A.G. OPIN. NO. 81-185, THE ATTORNEY GENERAL HAD THE OCCASION TO CONSTRUE THE MEANING OF THIS LANGUAGE AND, QUOTING FROM AN ATTORNEY GENERAL'S OPINION ISSUED IN 1949, STATED:
 "IT IS BELIEVED THAT THE TERM 'NO LONGER NEEDED BY THE DISTRICT' MEANS WHEN THERE IS NO LONGER ANY NEED OF THE PROPERTY FOR SCHOOL PURPOSES. ALSO, IT IS BELIEVED THAT THE PROVISIONS AUTHORIZING DISPOSITION OF SUCH PROPERTY CONTEMPLATES DISPOSITION THEREOF FOR A SUBSTANTIAL CONSIDERATION, AND NOT BY GIFT OR FOR ONLY A NOMINAL CONSIDERATION. . . ."
THE ATTORNEY GENERAL, AGAIN IN A.G. OPIN. NO. 81-185, FURTHER OPINED THAT:
 "IT IS A WELL SETTLED PRINCIPAL OF LAW IN THIS JURISDICTION, THAT PROPERTY OWNED BY AN INDEPENDENT SCHOOL DISTRICT IS HELD AS A PUBLIC TRUST BY THAT DISTRICT FOR THE CITIZENS IT SERVES. THEREFORE, THE GOVERNING BODY OF THE INDEPENDENT SCHOOL DISTRICT, I.E., THE BOARD OF EDUCATION, SERVES IN A FIDUCIARY CAPACITY AS TRUSTEE OF THE DISTRICT'S PROPERTY. MERRIT INDEPENDENT SCHOOL DISTRICT NO 2 V. JONES, 249 P.2D 1007 (OKLA.1952). THIS FIDUCIARY DUTY, EVEN WITHOUT THE STATUTORY LANGUAGE DISCUSSED ABOVE 70 O.S. 5-117, WOULD IMPOSE AN OBLIGATION UPON THE BOARD OF EDUCATION TO DISPOSE OF SCHOOL PROPERTY ONLY UPON RECEIPT OF A FULL AND ADEQUATE LEGAL CONSIDERATION."
THE FOREGOING CONCLUSIONS BY THE ATTORNEY GENERAL IN A.G. OPIN. NO. 81-185 WERE FOUNDED, IN PART, UPON AN EARLIER OPINION OF THE ATTORNEY GENERAL, A.G. OPIN. NO. 76-300, WHEREIN HE CONCLUDED:
 TITLE 70 O.S. 5-117 (1975), RESTRICTS THE DISPOSAL OF PROPERTY OF A SCHOOL DISTRICT TO THAT PROPERTY 'NO LONGER NEEDED BY THE DISTRICT' FOR SCHOOL PURPOSES. THE PHRASE 'SALE, EXCHANGE, LEASE OR OTHERWISE' CARRIES THE IMPLICATION THAT ANY DISPOSAL OF SCHOOL PROPERTY MUST BE FOR A REASONABLE CONSIDERATION.
IN ADDITION TO THIS REQUIREMENT OF PROPER CONSIDERATION, A SCHOOL BOARD'S POWER TO CONVEY REAL PROPERTY IS FURTHER LIMITED BY THE LANGUAGE OF 5-117 WHICH REQUIRES ANY SUCH CONVEYANCES TO BE BY PUBLIC SALE, PUBLIC BID OR PRIVATE SALE. THE STATUTE FURTHER PROVIDES THAT ANY PRIVATE SALE MUST BE PRECEDED BY AN OFFERING OF THE PROPERTY FOR PUBLIC SALE OR PUBLIC BID. BASED ON THE FOREGOING AUTHORITIES, THE VINITA SCHOOL DISTRICT HAS THE AUTHORITY TO CONVEY THE BIG CABIN SCHOOL BUILDING TO BIG CABIN, BUT MUST DO SO PURSUANT TO A PUBLIC SALE, PUBLIC BID OR PRIVATE SALE (PRECEDED BY OFFERING FOR PUBLIC SALE OR PUBLIC BID) AND SUCH CONVEYANCE MUST BE FOR FULL AND ADEQUATE CONSIDERATION.
THIS IS TRUE NOTWITHSTANDING THE STATUTORY EXCEPTION INSERTED IN 5-117 BY THE 1992 LEGISLATURE, SEE, 1992 OKLA. SESS. LAWS, C. 111, 2. THAT AMENDMENT, AS FOUND IN ITS ENTIRETY IN THE STATUTORY LANGUAGE EMPHASIZED IN THE RECITATION OF 5-117, SUPRA, BASICALLY PROVIDES THAT, IN LIEU OF A PUBLIC SALE, PUBLIC BID, OR PRIVATE SALE, "THE BOARD OF EDUCATION OF A CONSOLIDATED SCHOOL DISTRICT MAY CONVEY REAL PROPERTY TO A LOCAL POLITICAL SUBDIVISION WITHOUT CONSIDERATION." HOWEVER, THE 1992 AMENDMENT OFFERS NO RELIEF TO THE CITIZENS OF BIG CABIN FROM 5-117'S PUBLIC BIDDING AND CONSIDERATION REQUIREMENTS BECAUSE, BY ITS EXPRESS TERMS, IT ONLY APPLIES TO THE "BOARD OF EDUCATION OF A CONSOLIDATED SCHOOL DISTRICT." (EMPHASIS ADDED.)
IN THE SCENARIO YOU DESCRIBED IN YOUR REQUEST AND TO ME BY TELEPHONE, THE BIG CABIN/VINITA SITUATION IS AN ANNEXATION, NOT A CONSOLIDATION. "ANNEXATION" AND "CONSOLIDATION" OF SCHOOL DISTRICTS ARE STATUTORY TERMS OF ART AND INVOLVE DISTINCT AND UNIQUE STATUTORY PROCEDURES, WITH SUBSTANTIALLY DIFFERENT RESULTS. FOR EXAMPLE, WHEN ANNEXATION OCCURS PURSUANT TO 70 O.S. 7101 (1991) ET SEQ., AS AMENDED, ONLY THE SCHOOL DISTRICT WHICH IS BEING ANNEXED HOLDS AN ELECTION. THE ANNEXED DISTRICT IS "DISORGANIZED" AND THE ANNEXING DISTRICT'S SCHOOL BOARD, WHICH REMAINS INTACT, IS THE GOVERNING BODY OVER THE "DISORGANIZED" AREA. ON THE OTHER HAND, WHEN CONSOLIDATION OCCURS PURSUANT TO 70 O.S. 7-105, IT IS PRECEDED BY A STUDY BY THE STATE BOARD OF EDUCATION, ALL SCHOOL DISTRICTS INVOLVED HOLD ELECTIONS, ALL OLD SCHOOL BOARDS DISSOLVE AND A NEW SINGLE BOARD OF EDUCATION FOR THE CONSOLIDATED DISTRICT IS FORMED.